Adam BERKSON, individually and on behalf of all others similarly situated, and Kerry Welsh, individually and on behalf of all others similarly situated, Plaintiffs,

v.

GOGO LLC, and Gogo Inc., Defendants.

14–CV–1199

United States District Court, E.D. New York.

Signed December 4, 2015

George Volney Granade, II, Michael Robert Reese, Reese LLP, 875 Avenue of the Americas, Suite 1808, New York, NY 10001, (212) 643-0500, ggranade@reeserichman.com, mreese@reeserichman.com, for Adam Berkson and Kerry Welsh.

Anthony Joseph Laura, Epstein Becker Green, 250 Park Avenue, New York, NY 10177, (212) 351-4500, alaura@ebglaw.com, for Gogo LLC and Gogo Inc.

### MEMORANDUM AND ORDERS

Jack B. Weinstein, Senior United States District Judge:

### TABLE OF CONTENTS

I. Introduction … 125

II. Facts … 126

 A. Prior Practice of Defendants … 126

 B. Present Practice of Defendants … 127

III. Procedural History … 128

IV. Proposed Settlement … 129

V. Law … 130

VI. Preliminary approval is appropriate … 131

 A. Generally, settlements that can be characterized as "coupon" settlements are disfavored … 131

 B. The special nature of the class in this case and social utility that has already been achieved make the proposed coupon settlement appropriate … 133

 C. Fee Award … 133

VII. Conclusion … 134

Appendix 1: Settlement Agreement and Release, Claim Form, Proposed Preliminary and Final Approval Orders, and Notices to Class Members … 135

Appendix 2: Second Amended Class Action Complaint … 172

Appendix 3: Signed Order Granting Motion for Preliminary Approval of Class Action, Certifying the Class and Subclasses, Directing Dissemination of Class Notice, Setting Hearing on Fairness of Settlement, and Setting Dates … 184

### I. Introduction

This putative class action involves the purchase of internet service connections ("Wi-Fi") on air flights.

Denied was defendants' motion to transfer venue, compel arbitration and dismiss;

found inadequate was notice, given through a computer hyperlink, of waiver of normal court rights. *Berkson v. Gogo LLC*, 97 F.Supp.3d 359, 403–05 (E.D.N.Y. 2015) ("*Berkson I*"). That decision and a contrary district court decision, *Nicosia v. Amazon.com*, 84 F.Supp.3d 142 (E.D.N.Y. 2015), have been appealed. Notice of Appeal, Apr. 28, 2015, ECF No. 61; Notice of Appeal, *Nicosia v. Amazon.com*, No. 14–CV–4513 (E.D.N.Y. Feb. 13, 2015). This memorandum and order does not cover those issues; it was not raised by the pleadings. *Cf. Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch.*, 660 F.2d 9, 17–19 (2d Cir.1981) ("claims ... which were not within the description of claims assertable by the class" are not part of settlement).

The parties have now agreed on a settlement. Preliminary approval of the proposed settlement appears to be appropriate.

## II. Facts

A detailed factual background is in the court's April 8, 2015 memorandum and order. *Berkson I*, 97 F.Supp.3d at 368–76. It is deemed incorporated in this memorandum and order.

Gogo is the dominant provider of Wi–Fi access on domestic airlines. Its website advertised the cost of a monthly Wi–Fi subscription and the cost of a single day pass. Monthly access cost approximately $40; a day pass went for about $10.

Plaintiffs allege that, when potential customers registered for the monthly service, no notice was given about a recurring monthly charge. Gogo, it is claimed, obtained no signature or affirmative authorization to charge plaintiffs for recurring fees if they failed to cancel the service by telephone. Nor did Gogo, it is claimed, send any communication to plaintiffs on a monthly basis, as is customary, to notify them of continuing new charges if the service was not cancelled by the subscriber. After the month-long period from the date of original sign-up ended, Gogo continued to bill each of plaintiffs' credit cards monthly.

### A. Prior Practice of Defendants

In August 2011, when named plaintiff Welsh claims to have purchased Gogo's inflight Wi–Fi, a potential user of the service was not required by Gogo to affirmatively assent to the website's "Terms of Use" when creating an account. An image of the sign-up page is set out below:

**Create Account**

* indicates required fields

I agree to the Terms of Use

*Id.* at 372 (enhancements added).

If a user clicked on the underlined phrase "Terms of Use," a hyperlink would have been activated, connecting him to a separate screen where, after scrolling down, he or she would have found detailed choice of law and venue notice. In September 2012, when plaintiff Berkson claims to have purchased Gogo's Wi–Fi service, there was no arbitration provision in the "terms of use." It was inserted in December 2012. *Id.* at 376.

**B. Present Practice of Defendants**

After the case was brought, defendants' practice was changed to alert the customer of continuing costs. The new interface on defendants' website displays an easy-to-read matrix that clearly identifies which of its products automatically renews each month, and which do not. The new interface is a significant and meaningful improvement in warning consumers of their financial obligations to defendants. *See infra* Parts VI. A and B; Expert Report of Dr. Michael A. Kamins, Nov. 10, 2015, ECF No. 93–1 ("Kamins Report"), at ¶ 9. The present sign-up page is:

Kamins Report at App'x C (enhancements added).

There has not been any change to defendants' website with respect to the "terms of use" hyperlink.

## III. Procedural History

Named plaintiff Adam Berkson filed a complaint on February 25, 2014 against Gogo LLC and Gogo Inc. (collectively, "Gogo," "the company," or "defendants"). Class Action Compl., Feb. 25, 2014, ECF No. 1. On behalf of a New York sub-class, he alleged violation of New York General Business Law § 349, and, on behalf of a nationwide class, he claimed breach of the implied covenant of good faith and fair dealing, and violation of various consumer protection statutes. *Id.* A cause of action on behalf of the nationwide class, unjust enrichment, was alleged in the alternative. *Id.* On the same day, a motion for class certification was filed. Pl.'s Mot. for Class Certification, Feb. 25, 2014, ECF No. 5.

On April 4, 2014, defendants filed a motion to compel arbitration or transfer the action to the Northern District of Illinois, or, alternatively, to dismiss the action for lack of standing or failure to state a claim. Notice of Mot., Apr. 4, 2014, ECF No. 9 ("Defs.' Mot. to Dismiss").

Plaintiff Berkson, joined by plaintiff Welsh, filed an amended class action complaint adding three new causes of action for purported violations of several California statutes on April 24, 2014. Am. Class Action Compl., Apr. 24, 2014, ECF No. 17.

On May 12, 2014, defendants again filed a motion to compel arbitration or transfer the action to the Northern District of Illinois, or, alternatively, to dismiss the amended complaint for lack of standing or failure to state a claim. Defs.' Mots. to Dismiss, May 12, 2014, ECF No. 21.

Oral argument was heard on October 15, 2014. *See* Hr'g Tr., Oct. 15, 2014. Following a period for additional discovery, the parties submitted supplemental briefing. Order, Feb. 23, 2015, ECF No. 53. On April 8, 2015, the court denied defendants' motions. *See Berkson I.*

The parties then engaged in settlement discussions with the help of a settlement adviser they chose.

Plaintiffs, on consent, have moved for an order (1) certifying a settlement class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the purpose of consummating the agreement, (2) preliminarily approving it, (3) ordering the form and manner of notice, and (4) setting a date and time for a fairness hearing. *See* Notice of Pls.' Unopposed Mot. for Prelim. Approval of Settlement, Prelim. Certification of Settlement Class, & Approval of Notice Plan, Oct. 8, 2015, ECF No. 85. Annexed to plaintiffs' motion was a draft Settlement Agreement and Release. *See* Settlement Agreement & Release, Oct. 8, 2015, ECF No. 85-2 ("Settlement Agreement"). Plaintiffs filed an amended motion on December 1, 2015, seeking leave to file a second amended complaint. *See* Amended Notice of Pls.' Unopposed Mot. for Prelim. Approval of Settlement, Leave to File a Second Amended Compl., Prelim. Certification of Settlement Class, & Approval of Notice Plan, Dec. 1, 2015, ECF No. 104. Relevant papers and orders filed in connection with plaintiffs' motion are appendices 1, 2, and 3 to this opinion.

A preliminary hearing on plaintiffs' motion was conducted on November 12, 2015 and December 4, 2015.

## IV. Proposed Settlement

The Settlement Agreement proposes the creation of two classes, an Initial Class and a Supplemental Class. The Initial Class would include "All Gogo Customers who, during the Initial Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their Subscription Period." The Initial Class Period is defined as April 1, 2010, to December 31, 2012. The Supplemental Class would include "All Gogo Customers who, during the Supplemental Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their subscription." The Supplemental Class Period is defined as January 1, 2013, to March 31, 2015. The significance of the January 1, 2013 date dividing the two proposed classes is that it was on that date that an arbitration clause was added to defendants' "terms of use." The parties contend that the addition of the arbitration clause reduces the strength of a customer's claim to damages from litigation, warranting the creation of a separate class for settlement purposes. *See* Hr'g Tr., Nov. 12, 2015, at 51:14–21.

Compensation for class members with promotional codes ("promo codes") allows for limited "free" use of Gogo's service. The length of free use awarded varies based on which class the member is in and how many months of unused service the member had. For members in the Initial Class, the Settlement Agreement creates three tiers:

- 1 to 4 months of unused Gogo Service—1 One–Day Pass;

- 5 to 8 months of unused Gogo Service—4 One–Day Passes;

● 9 or more months of unused Gogo Service—6 One–Day Passes.

For members in the Supplemental Class, the Settlement Agreement awards each member 1 One–Hour Pass.

Each promo code would be valid for one year from the Final Settlement Date. The codes would be transferrable and could be aggregated to permit more than one hour or day of use at a time.

Class members would need to complete a claim form and certify under penalty of perjury that she or he (i) purchased a Monthly Pass during the Initial Class Period or Supplemental Class Period and used the Gogo Service only during the first month of the subscription period, (ii) had no knowledge of the recurring monthly charges for the Monthly Pass, and (iii) personally paid the recurring Monthly Pass charge(s) and was not reimbursed by a third party or refunded by Gogo.

The Settlement Agreement provides up to $5,000 to each named plaintiff as a service award. Up to $750,000 as a fee to class counsel is also agreed upon.

## V. Law

■ "A district court may approve a settlement of a class action only if it determines that the settlement is 'fair, adequate, and reasonable, and not a product of collusion.'" *In re Sony Corp. SXRD*, 448 Fed.Appx. 85, 86 (2d Cir.2011) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir.2000)).

■ The determination begins with a preliminary review by the court of the fairness of the proposed settlement agreement. *Passafiume v. NRA Grp., LLC*, 274 F.R.D. 424, 430 (E.D.N.Y.2010) (citing *In re Nasdaq Market–Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y.1997)); *see also* Manual for Complex Litigation § 21.632 (4th ed.).

Preliminary approval of a proposed settlement is appropriate where it is the result of serious, informed, non-collusive ("arm's length") negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies (such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys), and where the settlement appears to fall within the range of possible approval.

*Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y.2009). "[W]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representative or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 (E.D.N.Y.2006) (quoting *In re Nasdaq Antitrust Litig.*, 176 F.R.D. at 102).

Once the court has made a preliminary determination that the settlement agreement is fair or within the range of reasonableness, Federal Rule of Civil Procedure 23(e) sets forth the procedures that must be followed:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

If the proposed class settlement includes the awarding of "coupons," "the court may approve the proposed settlement only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members." 28 U.S.C. § 1712(e).

■ At this second stage, "[t]o evaluate whether a class settlement is fair, a district court examines (1) the negotiations that led up to the settlement, and (2) the substantive terms of the settlement." *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06–MD–1775, 2009 WL 3077396, *6 (E.D.N.Y. Sept. 25, 2009) (citing *In re Holocaust Victim Assets Litig.*, 105 F.Supp.2d 139, 145 (E.D.N.Y.2000)). The fairness of the substantive terms of the proposed settlement is governed by *Grinnell* factors. They include:

(1) the complexity, expense and likely duration of the litigation;

(2) the reaction of the class to the settlement;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the risks of establishing liability;

(5) the risks of establishing damages;

(6) the risks of maintaining the class action through the trial;

(7) the ability of the defendants to withstand a greater judgment;

(8) the range of reasonableness of the settlement fund in light of the best possible recovery; and

(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir.2000).

■ It is proper to consider as *a tenth factor the social utility of the proposed settlement.* Meeting the tenth requirement of social utility may entail going beyond the four-corners of the complaint, considering issues related to the specific claims alleged, and evaluating how the proposed settlement will impact those issues and persons not in the class. It includes such matters as the effect of arbitration, venue and choice of law clauses previously ruled upon. *See Berkson I.*

Only after considering each of these ten factors may this court approve this class action settlement agreement.

## VI. Preliminary approval is appropriate

### A. Generally, settlements that can be characterized as "coupon" settlements are disfavored

■ In the class action settlement context, "a coupon is a discount on another product or service offered by the defendant in the lawsuit, with the critical factor being that the nonpecuniary benefit forces future business with the defendant." William B. Rubenstein, 4 Newberg on Class Actions § 12:11 (5th ed.2015); *see, e.g., In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 706 (7th Cir.2015) (rejecting narrow

definition of coupon, finding term applies to vouchers for a free product).

·Coupon settlements have been widely criticized. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718, 725 (7th Cir.2014) (identifying the use of coupons as "a warning sign of a questionable settlement"); *Figueroa v. Sharper Image Corp.*, 517 F.Supp.2d 1292, 1321 (S.D.Fla.2007) ("coupon settlements have been severely criticized by commentators in the field ... [and] are strongly disfavored by the Attorneys General of most of the states").

Professor Christopher Leslie explained that the "three major problems with coupon settlements" are: first, "it is doubtful that coupon settlements provide meaningful compensation to most class members"; second, "coupon settlements often fail to disgorge ill-gotten gains from the defendant"; and third, "coupon settlements ... raise concerns because they may require the class members to do future business with the defendant in order to receive compensation." Christopher Leslie, *The Need to Study Coupon Settlements in Class Action Litigation*, 18 Geo. J. Legal Ethics 1395, 1396–97 (2005); *see also* Newberg on Class Actions, *supra*, at § 12:8 (identifying the problems with coupon settlements to include that they "may offer scant compensation, [are] unlikely to disgorge or deter, and compel a class to continue its relationship with an alleged wrong-doer," and summarizing the status of the use of coupons in class settlements as "generally disfavored"); Nat'l Ass'n of Consumer Advocates, *Standards and Guidelines for Litigating and Settling Consumer Class Actions*, 24–28 (3d ed.2014) (discussing problems with coupon class settlements).

Of particular note is Congress's explicit disfavoring of coupon settlements. The Senate Committee on the Judiciary, in its report on The Class Action Fairness Act of 2005 ("CAFA"), explained that one of the problems that CAFA was designed to address was "[a]busive class action settlements in which plaintiffs receive promotional coupons or other nominal damages while class counsel receive large fees...." S.Rep. No. 109–14, at 33 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 33. Part of the solution CAFA provided to the coupon problem was the inclusion of a consumer class action bill of rights in which Congress made the following finding: "Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where—(A) counsel are awarded large fees, *while leaving class members with coupons or other awards of little or no value ....*" Class Action Fairness Act of 2005, Pub.L. No. 109–2, § 2(a)(3), 119 Stat. 4 (2005) (emphasis added).

Often rejected are proposed settlements that offer injured class members couponlike compensation. *See, e.g., Reed v. Cont'l Guest Servs. Corp.*, No. 10–CV–5642, 2011 WL 1311886, *3 (S.D.N.Y. Apr. 4, 2011) (discussing problems with proposed settlement agreement that provided vouchers and discount codes); *Wilson v. DirectBuy, Inc.*, No. 09–CV–590, 2011 WL 2050537, *6–7 (D.Conn. May 16, 2011) (denying final approval of settlement agreement that provided for a period of free membership to defendant's service); *In re Compact Disc Minimum Advert. Price Antitrust Litig.*, 216 F.R.D. 197, 219–222 (D.Me.2003) (denying final approval of settlement agreement that created a discount program of insignificant value that only some of the class members *might* want to, or could, use).

The principal component of the proposed Settlement Agreement is the provision of promo codes. Plaintiff argues that the promo codes that will be the primary part of the Settlement Agreement "are not dis-

counts or coupons in any manner." Mem. of Law in Supp. of Pls.' Unopposed Mot. for Prelim. Approval of Settlement, Prelim. Certification of Settlement Class, and Approval of Notice Plan, Oct. 8, 2015, ECF No. 85–1, at 4. Promo codes in this case do have the flavor and scent of coupons.

As part of the final settlement, the court suggests that the administrator carrying out notice and other execution requirements attempt to set up a market for the promo codes enabling recipients to convert them to a cash equivalent. Such a market will supplement existing online marketplaces such as E–Bay and Craigslist by providing a forum where promo code recipients will be able exchange their codes for cash without needing to find a third-party purchaser. The market would act as a cashier's desk. This market would take the curse of a "coupon" characterization out of the case. The creation of such a market is not essential to approval of the present settlement.

### B. The special nature of the class in this case and social utility that has already been achieved make the proposed coupon settlement appropriate

■ The proposed settlement is found to be the result of serious, informed, and non-collusive negotiations. The parties utilized the services of Hon. Arthur J. Boylan, former Chief Magistrate Judge for the United States District Court for the District of Minnesota, during their settlement negotiations. *See* Hr'g Tr., Nov. 12, 2015, at 3:25–4:3.

■ Although a cash payment would be preferable, a settlement which provides what might be characterized as coupons as a primary benefit is "within the range of possible approval." *Cohen*, 262 F.R.D. at 157. Specifically, the parties submitted convincing evidence that a significant por-

tion of the class consists of repeat consumers who are sophisticated business persons likely to use defendants' service and the promo codes during the next year. *See, e.g.,* Hr'g Tr., Nov. 12, 2015, at 17:10–22. The promo codes are likely to provide meaningful compensation. *See* Letter from Anthony J. Laura, Dec. 1, 2015, ECF No. 107; Deck of Richard Simmons, Dec. 1, 2015, ECF No. 106.

The action has already achieved a social utility. In response to the instant suit, defendants have changed their website to clearly indicate that their plans are automatically renewing and will result in a recurring monthly charge. That this change has already been made obviates the need for injunctive relief as part of the settlement. The opinion of April 8, 2015 ruling the references to arbitration, venue and choice of law unenforceable remain in force. It is a factor to be relied upon in deciding reasonableness of the limited relief provided by the settlement.

### C. Fee Award

■ The proposed Settlement Agreement provides for incentive awards to each named plaintiff in the amount of $5,000. Such fee awards are subject to strict scrutiny and are based upon the named plaintiffs' effort in the case:

> The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claim, and, of course, the ultimate recovery.

*Roberts v. Texaco, Inc.,* 979 F.Supp. 185, 200 (S.D.N.Y.1997) (granting incentive award where named plaintiffs faced threats of retaliation and physical harm); *cf. Torres v. Toback, Bernstein & Reiss LLP,* No. 11–CV–1368, 2014 WL 1330957, at *4 (E.D.N.Y. Mar. 31, 2014) (expressing "concern" over proposed incentive award of $8,500 for plaintiff who "retain[ed] and organiz[ed] papers that were crucial to the prosecution of this case, and ... withdrew individual claims against Defendants that did not generally apply to the sub-classes," concluding amount was "grossly disproportionate" to the $60 or $67 absent class members would receive); *Sheppard v. Consol. Edison Co.,* No. 94–CV–403, 2000 WL 33313540, at *6 (E.D.N.Y. Dec. 21, 2000) (rejecting settlement with incentive award where basis for award was that named plaintiffs sat for depositions).

■■■ The value a class member will receive from the proposed Settlement Agreement is likely to be less than $100. It does not appear that named plaintiffs risked any extraordinary harm or lend any special expertise to the action. In light of these facts, the proposed $5,000 must be justified at the hearing as reasonable. There appears to be no bar for finding that "the interests of the class have been relegated to the back seat." *Reed,* 2011 WL 1311886, at *4 (quoting *Women's Comm. For Equal Employ't Opportunity v. Nat'l Broad. Co.,* 76 F.R.D. 173, 180 (S.D.N.Y. 1977)).

The proposed Settlement Agreement provides for class counsel to be awarded up to $750,000. Although counsel has spent time responding to motions, engaging in discovery, and negotiating a settlement, the fee sought must be justified at the hearing on reasonableness. *See* 28 U.S.C. § 1712(a)-(c) (providing how attorney's fees are to be awarded in settlements involving coupons); *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1988) (court must consider "the relationship between the amount of the fee awarded and the results obtained" in awarding counsel fees); *In re HP Inkjet Printer Litig.,* 716 F.3d 1173, 1182 (9th Cir.2013) (counsel's fee must be based on value of relief obtained for class, which is the redemption value of the coupons).

## VII. Conclusion

Plaintiffs' motion for an order (1) certifying a settlement class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for the purpose of consummating the agreement, (2) preliminarily and conditionally approving the settlement, (3) ordering the form and manner of notice, (4) setting a date and time for the fairness hearing, and (5) permitting further amendment of the amended complaint is granted.

The court is today signing the necessary documents to order a fairness hearing. Plaintiffs may file a second amended class action complaint in the form previously submitted. All further proceedings in this matter are stayed.

The fairness hearing shall be held on April 5, 2016 at 11:00 a.m. in Courtroom 10 B South.

Attached to and made a part of this memorandum and order are the following appendices:

1. Proposed Settlement Agreement and Release, ECF No. 104–1;

2. Second Amended Class Action Complaint, ECF No. 104–2; and

3. Order Granting Motion for Preliminary Approval of Class Action Settlement, Granting Leave to File a Second Amended Complaint, Provisionally Certifying the Classes, and

Directing Dissemination of Class Notice.

SO ORDERED.

## APPENDIX 1

## SETTLEMENT AGREEMENT AND RELEASE

This Class Settlement Agreement and Release ("Settlement Agreement") is entered into by, between, and among Plaintiffs Adam Berkson ("Berkson"), Kerry Welsh ("Welsh") and Kathy LePenske (collectively, "Plaintiffs"), individually and in their capacity as proposed representatives of the Class, and Defendants Gogo LLC ("Gogo") and Gogo Inc. (collectively, "Defendants") (Plaintiffs and Defendants collectively, "Parties," or singularly, "Party"), subject to approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## RECITALS

A. On February 25, 2014, Berkson commenced a civil action in the United States District Court for the Eastern District of New York entitled *Adam Berkson v. Gogo LLC and Gogo Inc.*, Civ. No. 14–1199(JBW) (the "Action") by filing a Class Action Complaint.

B. On April 24, 2014, Berkson and Welsh filed an Amended Class Action Complaint (the "Amended Complaint").

C. On May 12, 2014, Defendants filed a motion to compel arbitration, transfer venue and/or dismiss the Amended Complaint.

D. On April 9, 2015, the Court entered a Memorandum and Order denying Defendants' motion in its entirety.

E. On April 28, 2015, Defendants filed a Notice of Appeal from the Memorandum and Order.

F. On July 6, 2015 and July 16, 2015, the Parties participated in two full-day mediation sessions before the Hon. Arthur Boylan, U.S.M.J. (Ret.), who assisted the Parties in negotiating a Memorandum of Understanding outlining the principal terms of a settlement which the parties intended to lead to this definitive Settlement Agreement.

G. The Parties have thoroughly investigated the facts, have analyzed the relevant legal issues with regard to the claims and defenses available to them, and have considered the uncertainties of litigation, the substantial benefits of the proposed settlement to Class Members, the costs and risks associated with continued prosecution of this litigation, the desirability of consummating this Settlement Agreement promptly in order to provide an expeditious and effective resolution of the Action, the pendency and merits of Defendants' current appeal, and likely appeals of future rulings in favor of either Party.

H. In light of these considerations, and without admitting fault or liability on the part of Defendants, it is the Parties' intention and the objective of this Settlement Agreement to dispose of, fully, completely and forever, the claims and causes of action which were asserted, or which could have been asserted, in the Action.

## AGREEMENT

1. DEFINITIONS.

 1.1 The term *"Claim"* means a request submitted by a Class Member in the form annexed hereto as Exhibit A for compensation in accordance with the eligibility criteria set forth in paragraph 2.1(e) of the Settlement Agreement.

 1.2 The term *"Claimant"* means a Class Member who files a Claim. The process and eligibility criteria for filing a Claim are set forth in this Settlement Agreement.

**1.3** The term *"Claims Administrator"* means Analytics LLC and will be responsible for, among others things, (i) providing notice as contemplated herein; (ii) receiving and tracking Claims and opt-out notices; (iii) verifying the valid, full and complete submission of Claims; (iv) verifying the eligibility criteria for compensation to Claimants using the information submitted in the Claims and records maintained by Gogo; and (v) calculating and advising Gogo of the compensation due under the Settlement Agreement, if any, to each Claimant.

**1.4** The term *"Class Counsel"* means the law firm of Reese LLP.

**1.5** The term *"Class Settlement Website"* means the Internet website to be established by the Administrator as set forth in Section 3.5, below.

**1.6** The term *"Court"* means the United States District Court for the Eastern District New York.

**1.7** The term *"Email Notice"* means the email notices to be provided pursuant to Section 3.2 below.

**1.8** The term *"Eligible Class Members"* means Class Members who, after verification by the Claims Administrator, have validly and fully completed and submitted a Claim form and are deemed to satisfy the eligibility criteria set forth in paragraph 2.1(d) of this Settlement Agreement.

**1.9** The term *"Fairness Hearing"* means the hearing at which the Court decides whether to approve this Settlement Agreement as being fair, reasonable, and adequate.

**1.10** The term *"Final Order and Judgment"* means an order and judgment finally approving the Settlement of this Action, as agreed upon by the Parties and submitted to the Court in the form annexed hereto as Exhibit B.

**1.11** The term *"Final Settlement Date"* means the date on which either of the following events has occurred: (a) if no appeal or request for review is filed or made, thirty-one (31) days after Defendants receive ECF notice from Plaintiffs' Counsel or the Court that the Court entered the Final Order and Judgment or (b) if any appeal or request for review is filed or made, fourteen (14) days after the date on which Plaintiffs file and Defendants receive ECF notice that a court entered an order affirming the Final Order and Judgment or dismissed the appeal or otherwise denied review and the time for seeking all appeals has expired.

**1.12** The term *"Gogo's Counsel"* means the law firm of Epstein Becker & Green, P.C.

**1.13.** The terms *"Initial Class"* and *" Initial Class Members"* mean all Gogo Customers who, during the Initial Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their Subscription Period. The terms *"Supplemental Class"* and *"Supplemental Class Members"* mean all Gogo Customers who, during the Supplemental Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their subscription. The term *"Class"* means the Initial Class and the Supplemental Class. The term *"Class Members"* means the Initial Class Members and the Supplemental Class Members.

**1.14** The term *"Initial Class Period"* means April 1, 2010 to December 31, 2012. The term *"Supplemental Class Period"* means January 1, 2013 to March 31, 2015. The term *"Class Period"* means the Initial Class Period and Supplemental Class Period.

**1.15** The term *"Monthly Pass"* means a monthly subscription to Gogo Service purchased by a Gogo customer comprised of a recurring monthly charge and continuous monthly access to Gogo Service until cancelled.

**1.16** The term *"Notice"* means the legal notice of the proposed Settlement terms, as approved by Class Counsel, Gogo's Counsel, and the Court, to be provided to Class Members under Section 3 of this Settlement Agreement.

**1.17** The term *"Notice Plan"* means the plan for providing Notice of this Settlement to the Settlement Class Members, as set forth in Section IV below.

**1.18** The term *"Named Plaintiffs"* means Plaintiff Adam Berkson, Kerry Welsh and Kathy LePenske.

**1.19.** The term *"One–Day Pass"* means access to Gogo Service on one Internet-ready device for one calendar day.

**1.20** The term *"One–Hour Pass"* means access to Gogo Service on one Internet-ready device for one consecutive hour.

**1.21** The term *"Preliminary Approval and Provisional Class Certification Order"* or *" Preliminary Approval Order"* means an order, in the form annexed here to as Exhibit C, preliminarily approving the Settlement of this Action and provisionally certifying the Class. The Parties agree that the proposed form of Preliminary Approval and Provisional Class Certification Order shall be submitted with Plaintiffs' motion for Preliminary Approval of the Settlement and for Provisional Class Certification.

**1.22** The term *"Promo Code"* means a promotional code issued by Gogo through the Claims Administrator as compensation to Claimants whose Claims are determined to have validly submitted a Claim Form and who have satisfied the eligibility criteria.

**1.23** The term *"Settlement"* means the settlement of this Action and related claims.

**1.24** The plural of any term defined herein includes the singular and vice versa.

## 2. SETTLEMENT TERMS

**2.1 Settlement Compensation.** As consideration for the Settlement, and subject to Court approval of this Settlement Agreement without alteration of the Settlement Terms, the Claims Administrator will provide Promo Codes, in type and amount as set forth in paragraph 2.1(c) of this Settlement Agreement, to Class Members who satisfy the eligibility criteria set forth in paragraph 2.1(b) of this Settlement Agreement. In no circumstance will Defendants be obligated to pay any amount or issue any Promo Codes other than to Eligible Class Members and in the type and amounts specified in the compensation tiers set forth in paragraph 2.1(c) of this Settlement Agreement.

(a) **Administrative Costs.** Any and all costs and fees charged by the Claims Administrator shall be borne by Defendants. Defendants shall also bear all costs of notice.

(b) **Eligibility Criteria for Class Members to Receive Compensation.** In order to be eligible to receive compensation under the Settlement, a Class Member must, subject to verification by the Claims Administrator:

1. Fully complete and submit to the Claims Administrator a Claim in the form specified in Exhibit A.

2. Certify under penalty of perjury that (s)he purchased a Monthly Pass during the Initial Class Period or Sup-

plemental Class Period and used the Gogo Service only during the first month of the subscription period;

3. Certify under penalty of perjury that (s)he had no knowledge of the recurring monthly charges for the Monthly Pass;

4. Certify under penalty of perjury that (s)he personally paid the recurring Monthly Pass charge(s) and was not reimbursed those charges by a third party or refunded those charges by Gogo.

(c) **Compensation and Compensation Tiers.** Eligible Class Members shall receive Gogo Promo Codes according to the following compensation tiers:

**1) Initial Class Member Tiers and Compensation**

1 to 4 months of unused Gogo Service—1 One–Day Pass.

5 to 8 months of unused Gogo Service — 4 One–Day Passes.

9 or more months of unused Gogo Service—6 One–Day Passes.

**2) Supplemental Class Member Compensation:** 1 One–Hour Pass.

(d) **Issuance of Promo Codes**

(i) The Claims Administrator shall notify Gogo of the type and amount of Promo Codes to be awarded to each Eligible Class Member under paragraph 2.1(c). Within fifteen (15) days of such notification, Gogo shall provide the Promo Codes to the Claims Administrator and the Claims Administrator shall then issue the requisite Promo Code(s) by email to the Eligible Class Member at the email address provided in the Claim form.

(ii) The Promo Codes shall be redeemable for the use of Gogo Service for a period of up to one year from the Final Settlement Date, at which point they shall expire. The Promo Codes may be transferred by an Eligible Class Member to another individual (a "Transferee"). The Promo Codes may be aggregated. The Promo Codes also may be consolidated for use, such that more than one One–Hour Passes may be combined for two or more consecutive hours of use of Gogo Service.

(iii) The Promo Codes are not discounts or coupons in any manner, and shall be redeemable for Gogo Service without any requirement by an Eligible Class Member to make any accompanying payment to Gogo along with, or to otherwise effect, such redemption. The Promo Codes are not eligible for use in any manner other than continuous use, such that any unused time remaining on a Promo Code after its use shall be forfeited.

(e) Each Claimant's eligibility or disqualification from eligibility for compensation under this Settlement shall be determined by the Claims Administrator. These determinations will be deemed final as to Class Members, and Class Members will not be entitled to contest the accuracy of these determinations.

(f) In issuing the Promo Codes, Gogo will rely on the Claims Administrator to determine the recipients of the Promo Codes and their type and amount, and shall not be responsible to any Class Members in any manner for any potential errors in the determinations and calculations by the Claims Administrator.

(g) Gogo and Class Counsel may, but are not obligated to, verify the Claims Administrator's determinations, including whether each individual Claimant is a Class Member and/or entitled to receive any compensation.

### 3. CLASS NOTICE

**3.1 Long–Form Notice.** If the Court enters the Preliminary Approval Order, the Long–Form Notice, substantially in the form attached as Exhibit D, shall be posted on the Class Settlement Website. The Long–Form Notice is designed to provide comprehensive and easily understandable notice of the terms of the Settlement Agreement.

**3.2 Summary Notice.** If the Court enters the Preliminary Approval Order, the Summary Notice, substantially in the form attached as Exhibit E, shall be transmitted to each Class Member. The Summary Notice is designed to provide the Class Members material information about the class-action settlement and direct them to the Long–Form Notice posted on the Class Settlement Website.

**3.3 Time for Transmission of Summary Notice.** Within fifteen (15) calendar days after entry of the Preliminary Approval Order, Gogo shall provide to the Claims Administrator the email address currently associated with each Class Member's Gogo account. Within fifteen (15) calendar days after receiving class the aforesaid email addresses, the Claims Administrator will transmit the Summary Notice to each Class Member's email address provided by Gogo. The Summary Notice will also provide a link to the Class Settlement Website described below in paragraph 3.5 that shall contain, among other items, the Long–Form Notice, this Settlement Agreement, and other documents identified below in paragraph 3.5

**3.4 CAFA Notice.** The Parties agree that the Claims Administrator shall serve notice of the settlement (via Federal Express) that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 10 days after the filing of this Settlement Agreement with the Court.

**3.5 Class Settlement Website.** The Claims Administrator will create and maintain the Class Settlement Website, to be activated within 15 days of Preliminary Approval. The Administrator's responsibilities will also include securing an appropriate URL, such as *www.gogoclassaction settlement.com*. The Class Settlement Website will post the settlement documents and case-related documents such as the Settlement Agreement, the Summary Notice, the Long–Form Notice, and the Preliminary Approval Order. In addition, the Class Settlement Website will include procedural information regarding the status of the Court-approval process, such as an announcement of the Final Approval Hearing Date, when the Final Approval Order and Judgment has been entered, and when the Effective Date has been reached.

**3.6 Cost of Notice.** The cost of the above Notice Plan shall be paid by Defendants.

**3.7 Proof of Notice.** No later than seven (7) calendar days before the filing of Plaintiffs' motion in support of the Final Order and Judgment, Class Counsel will obtain a declaration from the Claims Administrator confirming that it has provided the Class with notice of the proposed Settlement in accordance with this Section.

### 4. CLAIMS PROCESS.

**4.1** The Claims Administrator shall implement an online process for Class Members to submit Claims, which shall be directly accessible via a hyperlink from the

email Notice. Class Members shall be required to submit a Claim no later than four (4) months from the Final Settlement Date.

4.2 In order to submit a Claim, Claimants will be required to certify under oath to the items specified in paragraph 2.1(b). Claimants also will be required to provide their Gogo account User ID or email address associated with their Gogo account, name, and mailing address so that the Claims Administrator may verify that they are a Class Member.

4.3 No Claimant shall be permitted to submit more than one Claim for the same Monthly Pass subscription. A Claimant shall be permitted to submit more than one Claim form if the Claimant had more than one Monthly Pass subscription.

4.4 The Parties agree to cooperate in finalizing any other details needed to implement the Claims process.

## 5. APPROVAL PROCEDURES

**5.1 Cooperation to Obtain Court Approval.** Plaintiffs will take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement. Defendants shall provide no objection to the submission of this Settlement Agreement for approval in its current form.

**5.2 Preliminary Approval and Provisional Class Certification.** The Plaintiffs' motion or application for preliminary approval of the settlement must request the Court to:

(a) preliminarily approve this Settlement Agreement as being fair, reasonable and adequate;

(b) preliminarily approve the form, manner, and content of the Notice described in Section 3;

(c) set deadlines for objections, opting out, and the date and time of the Fairness Hearing;

(d) provisionally certify the Initial Class and Supplemental Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

(e) stay all proceedings in the Action until the Court renders a final decision on approval of the Settlement;

(f) appoint the Named Plaintiffs as representative for the Classes as appropriate for settlement purposes only; and

(g) appoint the law firm of Reese LLP as Class Counsel for settlement purposes only.

The Plaintiffs will submit a proposed Preliminary Approval and Provisional Class Certification Order in the form attached hereto as Exhibit C, for consideration and entry by the Court on Plaintiffs' Motion for Preliminary Approval of the Settlement and for Provisional Class Certification.

**5.3 Dismissal without Prejudice of Appeal.** If the Preliminary Approval Order is entered by the Court in the form annexed to Plaintiffs' Motion for Preliminary Approval or, if entered in any modified form, the Parties accept the Court-ordered or Court-proposed modifications as set forth in section 5.6, the Parties agree to jointly submit a Stipulation of Dismissal without Prejudice (pursuant to Local Rule 42.1 of the Second Circuit) with respect to the appeal in the Action currently pending in the Second Circuit. Either Party may seek to reactivate the appeal in the event the Court does not grant Final Approval or any other of the bases for termination of the Settlement in section 5.6 occur.

**5.4 Objections.** Any Class Member who has not submitted a timely written exclusion request pursuant to Section 5.5 below and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, to the attorneys' fees and costs award, or to the service awards for the Named Plaintiffs, must do so by filing a written objection with the Court and delivering a copy of the objection to Class Counsel and Gogo's Counsel no later than the date approved by the Court and specified in the Notice provided for in Section 3 above. The delivery date is deemed to be the date when the objection is deposited in the U.S. mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Gogo's Counsel. To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Action; (2) the Class Member's name, email address, postal address, Gogo account user ID, telephone number that were used in conjunction with the Class Member's Gogo account, as well as include the first month of purchase of the Monthly Pass by the Class Member; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits which the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted. Any Class Member who files and serves a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, to the award of attorneys' fees and costs, or to the service awards for Named Plaintiffs. However, Class Members or their attorneys intending to make an appearance at the Fairness Hearing must include a statement of intention to appear in the written objection filed with the Court and delivered to Class Counsel, and Gogo's Counsel, and only those Class Members who include such a statement may speak at the Fairness Hearing. If a Class Member makes an objection or appears at the Fairness Hearing through an attorney, that objector will be responsible for his or her personal attorney's fees and costs.

**5.5 Opt–Out/Exclusion Requests.** Class Members may elect not to be bound by this Settlement Agreement and not to receive the compensation contemplated by this Settlement Agreement.

(a) **Manner of Making Exclusion Request.** To make an Opt–Out/Exclusion Request, Class Members must send a letter or postcard or other written document to the Claims Administrator providing: (a) the title of the Action; (b) the full name, address, Gogo account user ID, email address associated with the Gogo account of the person requesting exclusion and the first month of purchase of the Monthly Pass of the Class Member; (c) a statement that (s)he does not wish to participate in the Settlement; and (d) a signature of the Class Member requesting exclusion. No Opt–Out/Exclusion Request will be valid unless all of the information above is included. So-called "mass" or "class" opt-outs

purporting to be made on behalf of multiple persons or classes of persons shall not be allowed and shall be deemed invalid. The letter, postcard or form on which the request for exclusion is made must be postmarked on or before the date approved by the Court and specified in the notices provided for in Section 3 above, with postage paid by the person requesting exclusion. The Opt–Out/Exclusion Request *must* be postmarked on or before the date approved by the Court and specified in the Notice provided for in Section 3, which shall be sixty (60) days from the date the Notice is emailed to Class Members by the Claims Administrator. Any Class Member who does not mail a valid and timely written Opt–Out/Exclusion Request shall be bound by all subsequent proceedings, orders and judgments. Only Class Members who serve valid and timely Opt–Out/Exclusion Requests will be deemed to have opted out of the Class, unless the Court orders otherwise.

(b) **Exclusion List.** On or before ten (10) calendar days after the Objection and Opt–Out deadline, the Claims Administrator shall provide Gogo's Counsel and Class Counsel with a list of Class Members who have timely and validly excluded themselves from the Class. The Parties must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class.

(c) **Termination Clause.** If more than 500 Class Members request exclusion, then Gogo may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. Such notification of intent to terminate the Settlement Agreement must be provided a minimum of seven (7) calendar days before the filing deadline for the motion seeking final approval of the Settlement Agreement and entry of a proposed Final Order and Judgment. If this Settlement Agreement is terminated for this or any other reason, it will be deemed null and void. In that event: (i) the Preliminary Approval Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation (including any declarations and briefs filed in support of the motion for preliminary or final approval) will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

**5.6 Termination of Settlement and Right to Terminate Settlement.** This Settlement Agreement is being entered into for settlement purposes only. Except as set forth below, this Settlement Agreement will be deemed null and void if: (a) the Court orders or proposes modifications of, or additions to, the Parties' proposed Preliminary Approval Order, their proposed Final Order and Judgment, the Settlement Agreement, or the proposed Notice pursuant to Section 3 that are not acceptable to all Parties; (b) the Court orders or otherwise requires any party or its Counsel to make any distribution, in cash or in kind, to any charitable or governmental organization; (c) the Court does not preliminarily approve the Settlement

or enter the Final Order and Judgment; or (d) the opt-out threshold in subsection 5.5(c) is reached and Gogo has terminated the Settlement Agreement in accordance therewith. In the event the Court orders or proposes modifications as described in subsections 5.6(a) or 5.6(b) above, the Parties will each have seven (7) business days from the date of the Court's order to determine whether or not they will accept the Court-ordered or Court-proposed modification and to notify the other Party of such acceptance. In determining whether any Court-ordered or Court-proposed modifications of the Parties' proposed Preliminary Approval Order, proposed Final Order and Judgment, the Settlement Agreement, or the proposed Notice pursuant to Section 3 are acceptable, the Parties each agree to exercise their judgment in good faith and will not reject additions or modifications that are merely technical or otherwise immaterial to the substance of the Settlement Agreement. If either Party notifies the other Party within seven (7) days of their lack of concurrence with the Court's ordered or proposed modifications, or in the case of the event described in 5.6(c) and 5.6(d), above, then: (i) the Preliminary Approval Order and all of its provisions and/or the Final Order and Judgment and all of its provisions, as applicable, will be vacated by its or their own terms, including, but not limited to, vacating provisional certification of the Class, provisional appointment of the Named Plaintiffs as class representatives and provisional appointment of Reese LLP as Class Counsel, (ii) the Action will revert to the status that existed before this Settlement Agreement's execution date, (iii) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action

or any other proceeding, and (iv) Defendants shall retain all their rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

**5.7 Fairness Hearing and Final Order and Judgment.** Before the Fairness Hearing, Plaintiffs must move or apply for Court approval of a proposed Final Order and Judgment, which shall be in the form annexed as Exhibit B. The Final Order and Judgment must be consistent with the material terms of this Settlement Agreement, including, but not limited to, the definition of the Class and the scope of the release to be provided by Class Members, and the compensation to Eligible Class Members. Class Counsel must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class. Class Counsel must also draft the application papers and give Gogo's Counsel drafts of the motion or application and proposed order to review at least seven (7) calendar days before the application's filing deadline. Gogo shall be permitted, but not required, to file its own joint or individual brief or statement of non-opposition in support of the motion or application for Final Order and Judgment.

## 6. DISMISSAL OF ACTION AND RELEASES

**6.1 Named Plaintiffs' and Class Members' Releases.** Upon entry of the Final Order and Judgment, the Named Plaintiffs and all Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal repre-

sentatives release and forever discharge Defendants, and each of their respective direct or indirect parents, wholly or majority owned subsidiaries (including but not limited to those owned in whole or in part during some or all of the Class Period), affiliated and related entities, predecessors, successors and assigns, partners, privies, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating in any way to any of the factual allegations or legal theories that were raised by Plaintiffs in connection with Gogo's Monthly Pass subscriptions in the Actions (the *"Released Claims"*).

With respect to the Released Claims, each Named Plaintiff and all Class Members who do not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her **must have materially affected his or her settlement with the debtor,"**

Each Named Plaintiff and all Class Members fully understand that the facts in existence at the time this Settlement Agreement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by the Named Plaintiffs and Class Members and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, each Named Plaintiff and all Class Members agree that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

6.2 Upon entry of the Final Order and Judgment, each of the Defendants shall forever release and discharge all claims that could have been brought or are ever brought in the future by Defendants against the Named Plaintiffs, in their individual capacity and as Class Representatives, against Settlement Class Members, and against Class Counsel whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation or common law, that arise out of or relate in any way to the institution, prosecution or settlement of the Claims against Defendants, except for claims relating to the enforcement of this Settlement Agreement.

7. ATTORNEYS' FEES, COSTS AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS.

(a) Named Plaintiffs Service Awards. Plaintiff intends to seek and Gogo does not object to an award in the gross amount of

$15,000 to be divided among the three Named Plaintiffs equally (*i.e.* $5,000 each). The award is in consideration for the covenants in this Settlement Agreement and intended to compensate the Named Plaintiffs for their individual and respective participation in this Action. The Named Plaintiffs will not seek any other compensation nor petition the Court for or otherwise seek more than this amount for a service award, other than being permitted to submit a Claim. A reduction by the Court or by an appellate court of the service award sought by the Named Plaintiffs shall not affect any of the Parties' rights and obligations under the Settlement Agreement.

**(b) Attorneys' Fees and Costs Award.** On or before the date specified in the Preliminary Approval Order, Class Counsel will submit an application seeking approval of an award of attorney's fees and costs for Class Counsel. Class Counsel agree that they shall not seek an award in excess of $750,000.00. Defendants agree not to object to any such application or award up to such amount, and Class Counsel shall not accept any award in excess of such amount. The award of attorneys' fees and costs for Class Counsel shall not in any fashion impair the compensation paid to Eligible Class Members. Class Counsel agrees that if any other attorney or firm previously or currently associated with, or otherwise collaborating with, Class Counsel in this Action (including, by way of example, any attorney from Reese Richman LLP) seeks or obtains an award of attorneys' fees and costs in connection with this Action or its Settlement, Class Counsel shall indemnify and hold Defendants harmless from any and all amounts paid and associated therewith.

## 8. ADDITIONAL PROVISIONS

**8.1 Defendants' Denial of Wrongdoing.** This Settlement Agreement reflects the Parties' compromise and Settlement of the disputed claims, and constitutes an offer of compromise and compromise within the meaning of Federal Rule of Evidence 408 and any equivalent state rule of evidence. Its provisions, and all related drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law by any person or entity and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession. Defendants expressly deny the allegations of wrongdoing contained in the Amended Complaint, and disclaim any and all liability or fault with respect to the matters alleged in the Amended Complaint. Neither this Settlement Agreement, nor the fact of settlement, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault by Defendants, or be offered or received in evidence as an admission, concession, presumption or inference of any wrongdoing by Defendants in any proceeding.

**8.2 Confidentiality.** The Parties and their counsel agree to keep the contents of this Settlement Agreement confidential until the date on which the Settlement Agreement is filed with the Court for approval, other than to make disclosures as necessary to comply with law. None of the Parties nor any of their counsel, nor any other person acting on their behalves, shall issue any press release concerning the Settlement at any time, except to correct any third party publicity concerning the terms of this Settlement Agreement.

**8.3 Real Parties in Interest.** In executing this Settlement Agreement, the

Named Plaintiffs represents that their claims, individually and as a proposed representative of the Class, have not been assigned, granted, or transferred in any way to any other person, firm, or entity.

**8.4. No Waiver of Coverage.** Defendants' execution of this Settlement Agreement shall not be construed to release, and Defendants expressly do not intend to release, any claim Defendants may have or make against any insurer for any cost or expense incurred in connection with this Settlement, including, without limitation, for attorneys' fees and costs.

**8.5 Voluntary Agreement.** The Parties executed this Settlement Agreement voluntarily and without duress or undue influence. The Named Plaintiffs represent that they have agreed to serve as Class representatives, they are willing and able to perform all duties and obligations of Class representatives, they have read this Settlement Agreement and have agreed to its terms, and that they shall remain and serve as representatives of the Class until the terms of the Settlement Agreement, if approved by the Court, are effectuated, this Settlement Agreement is not approved or is otherwise terminated, or the Court at any time determines any Named Plaintiff cannot represent the Class.

**8.6 Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Settlement Agreement; (b) they have read this Settlement Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

**8.7 Entire Agreement.** This Settlement Agreement contains the entire agreement between the Parties and constitutes the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement. This Settlement Agreement supersedes any prior agreements, understandings or undertakings, whether oral or written, between the Parties concerning the subject matter of this Settlement Agreement, including, but not limited to, the Memorandum of Understanding executed on July 16, 2015.

**8.8 Construction and Interpretation.** Neither the Parties nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them, and no party shall otherwise resort to the doctrine of *contra proferentem* in construing any provision. This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**8.9 Headings and Formatting of Definitions.** The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**8.10 Modifications and Amendments.** No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their counsel.

**8.11 Governing Law.** This Settlement Agreement is governed by New York law and must be interpreted under New York law and without regard to conflict of laws principles.

**8.12 Agreement Constitutes a Complete Defense.** To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Settlement Agreement.

**8.13 Execution Date.** This Settlement Agreement is deemed executed on the date the Settlement Agreement is signed by all of the undersigned.

**8.14 Counterparts.** This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or PDF copies of executed copies of this Settlement Agreement may be treated as originals.

**8.15 Recitals.** The Recitals are incorporated by this reference and are part of the Settlement Agreement.

The Parties and their Counsel have agreed to the terms of this Settlement Agreement and
have signed below.

Dated: October 5, 2015

Dated: October ___, 2015

Dated: October ___, 2015

Dated: October 6, 2015

Kerry Welsh

Adam Berkson

Kathy LePenske

Michael R. Reese
**REESE LLP**
*Counsel for Plaintiffs*

The Parties and their Counsel have agreed to the terms of this Settlement Agreement and have signed below.

Dated: October ___, 2015

Dated: October 5, 2015

Kerry Welsh

Adam Berkson

Dated: October ___, 2015

Kathy LePenske

Dated: October ___, 2015

Michael R. Reese
**REESE LLP**
*Counsel for Plaintiffs*

25

The Parties and their Counsel have agreed to the terms of this Settlement Agreement and have signed below.

Dated: October ___, 2015

_____
Kerry Welsh

Dated: October ___, 2015

_____
Adam Berkson

Dated: October 5, 2015

_____
Kathy LePenske

Dated: October ___, 2015

_____
Michael R. Reese
REESE LLP
*Counsel for Plaintiffs*

GOGO LLC

Dated: October 2, 2015 By: _____

 GOGO INC.

Dated: October __, 2015 By: _____

Dated: October 8 2015 _____
 Anthony J. Laura
 **EPSTEIN BECKER & GREEN, P.C.**
 *Counsel for Gogo LLC and Gogo Inc.*

26

**EXHIBIT A**

**Gogo Class Action Settlement**
P.O. Box 20XX
Chanhassen, MN 55317-20XX
www.gogoclassactionsettlement.com

## CLAIM FORM

Claim Number: 1111111

By Court Order, this is a Claim Form that must be properly and timely filled out, signed, and returned in order for you to receive any benefits from the *Adam Berkson, et. al. v. Gogo LLC and Gogo Inc.* case Settlement. The Settlement provides that members of the Class who do not request exclusion may be entitled to benefits ranging from one hourly pass to one or more one-day passes for Gogo in-flight Internet service.

You are a Class member if:

1. you subscribed to a Gogo in-flight Internet service Monthly Pass between April 1, 2010 and December 31, 2012, but only used the Gogo Service during the first month of your Subscription Period; **or**

2. you subscribed to a Gogo in-flight Internet service Monthly Pass between January 1, 2013 and March 31, 2015 but only used the Gogo Service during the first month of your Subscription Period.

To make a claim in the above case, please complete and mail this form, postmarked no later than **August 4, 2016**, to:

Gogo Class Action Settlement
P.O. Box 20XX
Chanhassen, MN 55317-20XX

## SECTION 1: YOUR CONTACT INFORMATION

First Name Middle Last Name

Street Address

City State Zip Code

## SECTION 2: CONFIRMING YOUR ELIGIBILITY

| | |
|---|---|
| Please provide the "User Name" or email address associated with your Gogo account: | |
| Did you purchase a monthly pass from Gogo during one of the two periods specified above? | ☐ Yes ☐ No |

**(CONTINUED ON BACK)**

SECTION 2: CONFIRMING YOUR ELIGIBILITY, CONTINUED

| | |
|---|---|
| Did you know that the monthly pass you purchased from Gogo was a recurring monthly pass for which you would be charged every month until you cancelled the service? | ☐ Yes ☐ No |
| Did you use your monthly pass after the first month? | ☐ Yes ☐ No |
| Did you personally pay for the monthly pass? | ☐ Yes ☐ No |
| If you answered Yes to the previous question, were you reimbursed or did you receive a refund from Gogo or any other party for the payments you made for the monthly pass? | ☐ Yes ☐ No |

**OATH AND AFFIRMATION UNDER PENALTY OF PERJURY**

I am making a claim as set forth above. I agree to participate in the settlement described in the Court-approved notice. I agree to release any and all claims as described in the notice.

I certify under penalty of perjury under the laws of the United States of America that all of the information on this Claim Form is true and correct.

Signature of Claimant Date Signed M M D D Y Y Y Y

---

## EXHIBIT B

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

ADAM BERKSON et al., individually and on behalf of all others similarly situated, Plaintiffs,

v.

GOGO LLC and GOGO INC., Defendants.

Case No. 1:14–cv–01199–JBW–LB.

## [PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement; (2) reviewed and considered the application of Class Counsel for an award of attorneys' fees, costs, expenses, and class-representative-incentive awards; (3) held a Fairness Hearing after being satisfied that notice to both the Initial Class and the Supplemental Class has been provided in accordance with the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement, Provisionally Certifying the Classes, and Directing Dissemination of Class Notice entered on October 13, 2015; (4) taken into account the presentations and other proceedings at the Fairness Hearing; and (5) considered the Settlement in the context of all prior proceedings had in this Action. Consequently, the Court enters the following FINDINGS and CONCLUSIONS:

A. Capitalized terms that this Final Order and Judgment uses that this Final Order and Judgment does not otherwise define shall have the meaning that the Settlement Agreement assigns them.

B. The Court has subject-matter jurisdiction over this Action and all acts within this Action, and over all Parties to this

Action, including all members of both the Initial Class and Supplemental Class.

C. The Court's conditional certification for Settlement purposes in the Preliminary Approval Order of both the Initial Class and the Supplemental Class was, and is, appropriate. Adam Berkson, Kerry Welsh and Kathy LePenske (together, the "Class Representatives") and Class Counsel have fairly and adequately represented both the Initial Class and the Supplemental Class for purposes of entering into and implementing the Settlement.

D. The notice to putative Settlement Class Members was comprised of individual emailed notice to all Settlement Class Members. The Court finds this notice: (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Settlement Class Members of the pendency of the Action and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

E. The Court has held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement.

F. The Settlement is the product of good faith, arm's-length negotiations between the Class Representatives and Class Counsel, on the one hand, and Gogo and Gogo's Counsel, on the other hand.

G. The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper and in the best interest of both the Initial Class and the Supplemental Class.

In reaching this conclusion, the Court considered the following nine factors set forth in *City of Detroit v. Grinnell Corp.*: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir.2013) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974) *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir.2000); other citation omitted).

H. In the Declaration of _____, which the Parties filed in advance of the Fairness Hearing, the Parties submitted to the Court: (i) a list of the putative Settlement Class Members who have timely elected to opt out of the Settlement and the Initial Class or the Supplemental Class, as appropriate, and whom, as a result, the Settlement does not bind (the "Exclusion List"), (ii) the provisions of the Settlement Agreement, and (iii) this Final Order and Judgment. All Settlement Class Members (in accordance with the Court's permanent certification set forth below) shall permanently be subject to all provisions of the Settlement, the Settlement Agreement, and this Final Order and Judgment, which the Clerk of the Court shall enter.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW,

THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:

### *Certification of Class and Approval of Settlement*

1. The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of both the Initial Class and the Supplemental Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied. The Court hereby orders and directs the Parties to comply with the terms and provisions of the Settlement Agreement.

2. Having found that, for settlement purposes only, each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, the Court hereby permanently certifies the Initial Class pursuant to Federal Rule of Civil Procedure 23 on behalf of the following persons:

> All Gogo Customers who, during the Initial Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their Subscription Period.

Furthermore, having found that, for settlement purposes only, each of the elements of Rules 23(a) and 23(b)(3) are satisfied, the Court hereby permanently certifies the Supplemental Class pursuant to Rule 23 on behalf of the following persons:

> All Gogo Customers who, during the Supplemental Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their subscription.

The Court hereby excludes from the Initial Class or the Supplemental Class, as appropriate, the putative Settlement Class Members that the Exclusion List identifies as having timely and properly elected to opt out from the Settlement and the Initial Class or the Supplemental Class, as appropriate. The Settlement Class Members that the Exclusion List identifies shall not be entitled to any of the benefits that the Settlement Agreement affords to the Settlement Class Members. The Court readopts and incorporates herein by reference the preliminary conclusions that the Court set forth in the Preliminary Approval Order with respect to whether both the Initial Class and the Supplemental Class satisfy both Rule 23(a) and Rule 23(b)(3).

3. For purposes of Settlement only, the Court hereby certifies the Class Representatives as representatives of both the Initial Class and the Supplemental Class, and the Court hereby appoints Class Counsel as counsel for both the Initial Class and the Supplemental Class. The Court concludes that the Class Representatives and Class Counsel have fairly and adequately represented both the Initial Class and the Supplemental Class with respect to the Settlement and the Settlement Agreement.

4. Notwithstanding the Court's certification of both the Initial Class and the Supplemental Class, and the Court's appointment of the Class Representatives, for purposes of effecting the Settlement, if this Final Order and Judgment is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of both the Initial Class and the Supplemental Class and the foregoing appointment of the Class Representatives shall be void and of no further effect, and the Parties to the proposed Settlement shall be returned to the status each occupied before entry of this Final Order and Judgment, without prejudice to any legal argument that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

### Release and Injunctions against Released Claims

5. In accordance with the Settlement Agreement, Plaintiffs, the Settlement Class Members, and each of their respective successors, assigns, legatees, heirs, and personal representatives shall and hereby do release, remise, and forever discharge Gogo and each of its respective direct or indirect parents, wholly or majority owned subsidiaries (including but not limited to those owned in whole or in part during some or all of the Class Period), affiliated and related entities, predecessors, successors and assigns, partners, privies, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from any and all of the Released Claims.

6. The Court hereby permanently enjoins the Settlement Class Members from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other litigation in any state, territorial, or federal court, or any arbitration or administrative, regulatory, or other proceeding in any jurisdiction, that asserts claims based on, or in any way related to, the Released Claims. In addition, the Court hereby permanently enjoins the Settlement Class Members from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

7. With respect to the Released Claims, Plaintiffs and all Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions,

rights, and benefits that Section 1542 of the California Civil Code confers, viz.:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

and (b) any law of any state of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

### Dismissal; Continuing Jurisdiction

8. The Court hereby orders that the Action and all claims alleged therein are dismissed with prejudice.

9. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Settlement Agreement and (b) the enforcement of the injunctions that paragraph 6 of this Final Order and Judgment brings to fruition.

**IT IS SO ORDERED.**

Date: _____

_____
The Honorable Jack B. Weinstein
UNITED STATES DISTRICT JUDGE

### EXHIBIT C

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

ADAM BERKSON, et al. individually and on behalf of all others similarly situated, Plaintiffs,

v.

GOGO LLC and GOGO INC., Defendants.

Case No. 1:14-cv-01199-JBW-LB

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT, PROVISIONALLY CERTIFYING THE CLASSES, AND DIRECTING DISSEMINATION OF CLASS NOTICE**

Plaintiffs Adam Berkson and Kerry Welsh, plaintiffs in the above-captioned action, and Kathy LePenske (another user of Gogo service), have submitted an unopposed Motion for entry of an Order Granting Preliminary Approval of the Class Action Settlement, Granting Leave to File a Second Amended Complaint, Provisionally Certifying the Classes, and Directing Dissemination of Class Notice, determining certain matters in connection with the proposed Settlement of this class action, pursuant to the terms of the Settlement Agreement that the Parties reached and presented to the Court for approval. After consideration of the Settlement Agreement and the exhibits annexed thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. *Defined Terms* : This Court adopts all defined terms set forth in the Settlement Agreement, including but not limited to all defined terms set out in Section 1 of the Settlement Agreement, for purposes of this Preliminary Approval Order, unless otherwise specified herein.

2. *Preliminary Approval of Settlement* : The Court hereby preliminarily approves the terms of the Settlement Agreement, subject to further consideration at the Fairness Hearing as provided below. The Court concludes that the proposed Settlement is sufficiently within the range of reasonableness to warrant conditional certification of both the Initial Class and the Supplemental Class, the scheduling of the Fairness Hearing, and the circulation of the "Notice Package"[1] to both the Initial Class and the Supplemental Class, each as provided for in this Preliminary Approval Order.

3. *Granting Leave to File a Second Amended Complaint* : Pursuant to Federal Civil Procedure Rule 15(a)(2), the Court hereby grants leave to file a Second Amended Complaint to add plaintiff Kathy LePenske to the above-captioned action. The Second Amended Complaint, which is attached as Exhibit 2 to the Amended Notice of Motion (Dkt.104), is hereby deemed as filed and counsel for Plaintiffs is ordered hereby to submit it via ECF.

4. *Conditional Certification for Settlement Purposes* : For purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies the following Initial Class:

> All Gogo Customers who, during the Initial Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their Subscription Period.

Furthermore, for purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies the following Supplemental Class:

> All Gogo Customers who, during the Supplemental Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their subscription.

---

1. For purposes of this Preliminary Approval Order, "Notice Package" shall mean: (1) the Long–Form Notice; (2) the Summary Notice; and (3) the Claim form, which are attached as Exhibits D, C and A respectively, to the Parties' Settlement Agreement.

The Court hereby conditionally certifies Adam Berkson, Kerry Welsh as representatives of the Initial Class as defined above and Kathy FePenske as representative of the Supplemental Class as defined above (together, Berkson, Welsh and FePenske are referred to herein as the "Class Representatives"), and the Court hereby appoints Michael R. Reese of Reese LLP as Class Counsel. This conditional certification of the Initial Class, the Supplemental Class, and the Class Representatives, and this appointment of Class Counsel, are solely for purposes of effectuating the proposed Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Initial Class, the Supplemental Class, and the Class Representatives, as well as the foregoing appointment of Class Counsel, shall be void and of no further effect, and the Parties to the proposed Settlement shall be returned to the status each occupied before entry of this Preliminary Approval Order, without prejudice to any legal argument that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the unopposed Motion for Preliminary Approval of the Proposed Class Settlement and supporting materials, the Court conditionally finds that both the proposed Initial Class and the proposed Supplemental Class satisfy Rule 23 of the Federal Rules of Civil Procedure in that:

a. Both the Initial Class and the Supplemental Class consist of thousands of individuals. Consequently, both the Initial Class and the Supplemental Class are so numerous that joinder of all persons who fall within the Initial Class definition, and/or within the Supplemental Class definition, is impracticable;

b. The commonality requirement is satisfied where members of the Initial Class and the Supplemental Class share at least one common legal or factual issue. Here, there are questions of law and fact common to the Initial Class and the Supplemental Class, including but not limited to allegations related to one or more of the following:

(i) whether Gogo's acts and practices of charging users of its in-flight Internet service on a recurring monthly basis after the user signed up for it monthly service constituted deceptive acts and practices;

(ii) whether Gogo's acts and practices of charging users of its in-flight Internet service on a recurring monthly basis after the user signed up for monthly service breached the implied covenant of good faith and fair dealing;

(iii) whether Gogo's actions at issue unjustly enriched Gogo; and

(iv) whether Gogo properly disclosed that the monthly charges would be recurring for the Gogo in-flight Internet service.

c. The claims of the Class Representatives are typical of the claims of both the Initial Class and the Supplemental Class; and

d. The Class Representatives will fairly and adequately protect the interests of both the Initial Class and the Supplemental Class, and Class Counsel are both qualified and competent to represent both the Initial Class and the Supplemental Class.

The Court further conditionally finds that both the proposed Initial Class and the proposed Supplemental Class satisfy Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate and that a class action is superior to other available methods for

the fair and efficient resolution of this controversy. The Court notes that because the litigation is being settled, rather than litigated, the Court need not consider the manageability issues that litigation would present. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

5. *Fairness Hearing*: A Fairness Hearing shall take place before the undersigned, the Honorable Jack B. Weinstein, at _____ p.m. on _____, 2016, to determine:

a. whether the Court should finally certify both the Initial Class and the Supplemental Class and whether the Class Representatives and Class Counsel have adequately represented both the Initial Class and the Supplemental Class;

b. whether the Court should finally approve the proposed Settlement, on the terms and conditions for which the Settlement Agreement provides, as fair, reasonable, and adequate;

c. whether the Court should dismiss the Released Claims of the Settlement Class Members in this action with prejudice;

d. whether the Court should approve the application that Class Counsel will submit for attorneys' fees, costs, expenses, and incentive awards for the Class Representatives; and

e. such other matters as the Court may deem necessary or appropriate.

6. *Right to Appear and Object*: Any putative Settlement Class Member who has not timely and properly provided notice of an election to opt out of the Initial Class and the proposed Settlement, or to opt out of the Supplemental Class and the proposed Settlement, in the manner set forth below may appear at the Fairness Hearing in person or by counsel and be heard, to the extent the Court allows, either in support of, or in opposition to, the matters that the Court will consider at the Fairness Hearing, provided, however, that no putative Settlement Class Member who has elected to opt out from the Settlement shall be entitled to object, and provided further that no person shall be heard, and the Court shall not consider any papers, briefs, or other submissions in connection with its consideration of those matters, unless such person files the objection with the Court, with a copy delivered to Class Counsel and Gogo's Counsel at the addresses set out in the Notice, no later than _____, 2016. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

7. *Notice.* The Court hereby approves the Notices substantially in the form of Exhibits D and E to the Settlement Agreement. In particular, the Court approves the Parties' proposal that the Summary Notice, which directs Settlement Class Members to the easily accessible Long–Form Notice, be provided to all Settlement Class Members via email to the email address currently associated with each Settlement Class Member's Gogo account. The Court also finds that posting the Long–Form Notice on the Class Settlement Website constitutes appropriate and sufficient notice of the terms of the Long–Form Notice, since the Summary Notice directs the Settlement Class Members to the Class Settlement Website. The Court further finds that the form and method of providing notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Settlement under Federal Rule of Civil Procedure 23 and the Due Process Clauses of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution. The Court also approves the

Claim form attached as Exhibit A to the Settlement Agreement.

The Court approves the Parties' joint selection of Analytics LLC to administer the notice program. As set forth in the Settlement Agreement, Gogo shall pay the cost of the Notice Plan. Further, as set forth in the Settlement Agreement, within 15 calendar days after entry of this Preliminary Approval Order, Gogo shall provide the Claims Administrator with the email address associated with each Settlement Class Member's Gogo account, and the Claims Administrator shall transmit the Summary Notice to each Settlement Class Member's email address that Gogo provided within 15 calendar days after receiving the aforesaid email addresses from Gogo.

8. *Ability of Class Members to Opt Out.* All putative Settlement Class Members who wish to opt out of the Initial Class or the Supplemental Class, as appropriate, must do so by sending a letter, postcard, or other written document requesting exclusion to the Claims Administrator as outlined in the Notice Plan, signed by the putative Settlement Class Member and providing all required information. To be considered timely and thereby effectively exclude a person from the Initial Class or the Supplemental Class, as appropriate, the Opt–Out/Exclusion Request must be postmarked on or before 60 days from the date that the Claims Administrator emails the Notice to the Settlement Class Members (the "Opt Out Deadline"). On or before 10 calendar days after the Opt Out Deadline, the Claims Administrator shall provide Gogo's Counsel and Class Counsel with a list of Settlement Class Members who have time-ly. and validly excluded themselves from the Initial Class or the Supplemental Class. The Parties will file with the Court a complete list of all Settlement Class Members who validly and timely excluded themselves from the Class.

Any putative Settlement Class Member who does not properly and timely request exclusion from the Initial Class or the Supplemental Class, as appropriate, shall be included in the Initial Class or the Supplemental Class, as appropriate, and, if the Court approves the proposed Settlement and it becomes effective, they shall be bound by all the terms and provision of the Settlement Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such person shall have objected to the Settlement.

9. *Appearance by Settlement Class Member.* Any Settlement Class Member may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Class Counsel will represent any Settlement Class Member who does not enter an appearance.

10. *Discovery and Other Litigation Activity.* All discovery and other litigation activity in this Action is hereby stayed pending a decision on Final Approval of the Settlement Agreement.

**IT IS SO ORDERED.**

Date: _____

_____

The Honorable Jack B. Weinstein

UNITED STATES DISTRICT JUDGE

**EXHIBIT D**

IF YOU PURCHASED GOGO INFLIGHT INTERNET SERVICE, YOU MAY BE ENTITLED TO BENEFITS

# If you purchased Gogo Inflight Internet service, you may be entitled to benefits from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit about inflight Internet service purchased from Gogo LLC ("Gogo").

- The lawsuit claims that Gogo enrolled customers in a plan that charged their credit cards monthly without obtaining proper authorization from or providing proper disclosure to the customers.

- Under the terms of the Settlement, you may be eligible for certain benefits if you qualify.

- Your rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who qualify. Please be patient.

*Your legal rights are affected whether you act or do not act. Read this notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | **The only way to get a benefit from this settlement.** You must _timely_ submit a valid Claim Form, which is attached to this Notice. You can submit a Claim Form by printing it out, completing it and sending it by mail to the address specified, or by completing and submitting the Claim Form electronically at wwwgogoclassactionsettlement.com. | Deadline to Submit a Claim Form: August 4, 2016 |
| **ASK TO BE EXCLUDED** | **Receive no benefits from this lawsuit and retain your right to pursue Gogo.** If you exclude yourself from this lawsuit, you will not be eligible to receive benefits from this settlement, but you will maintain the right to pursue Gogo for the same or similar legal claims. | Deadline to Exclude Yourself: March 4, 2016 |
| **COMMENT OR OBJECT** | **Write to the Court about why you like or don't like the settlement.** You may write to the Court indicating why you like or dislike the settlement. You must remain a member of the lawsuit (you cannot ask to be excluded) in order to object to the settlement. | Deadline to Comment or Object: March 4, 2016 |
| **DO NOTHING** | **Get no benefit. Remain bound by this settlement.** By doing nothing, you will not recover anything from the class action settlement. You will also be bound by the class action settlement and give up any rights to pursue Gogo separately about the same or similar legal claims. | |

QUESTIONS? CALL 1-866-322-4455 TOLL FREE, OR VISIT

162

WWW.GOGOCLASSACTIONSETTLEMENT.COM

BASIC INFORMATION ........................................................................................PAGE 3
 1. Why was this notice issued?
 2. What is this lawsuit about?
 3. Why is this a class action?
 4. Why is there a Settlement?

WHO IS IN THE SETTLEMENT ........................................................................PAGE 4
 5. How do I know if I am a Class Member?
 6. I'm still not sure I'm included.

THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY .....................PAGES 4-6
 7. Who will receive benefits from this Settlement?
 8. What benefits could I receive?
 9. How do I qualify for the benefits?
 10. When would I receive the benefits?
 11. What am I giving up to get a benefit or stay in the Class?

EXCLUDING YOURSELF FROM THE SETTLEMENT ........................................PAGES 6-7
 12. How do I get out of the proposed Settlement?
 13. If I don't exclude myself, can I sue the Defendants for the same thing later?
 14. If I exclude myself, can I get any benefit from this Settlement?

THE LAWYERS REPRESENTING YOU ...........................................................PAGE 7
 15. Do I have a lawyer in this case?
 16. How will the lawyers be paid and will there be incentive payments for Named Plaintiffs?

OBJECTING TO THE SETTLEMENT...............................................................PAGES 7-8
 17. How do I tell the Court if I do not like the proposed Settlement?
 18. What's the difference between objecting and excluding?

THE COURT'S SETTLEMENT FAIRNESS HEARING .........................................PAGES 8-9
 19. When and where will the Court decide whether to approve the proposed Settlement?
 20. Do I have to come to the hearing?
 21. May I speak at the hearing?

IF YOU DO NOTHING.................................................................................PAGE 9
 22. What happens if I do nothing at all?

GETTING MORE INFORMATION ...................................................................PAGE 9
 23. Are there more details about the proposed Settlement?

## BASIC INFORMATION

**Why was this notice issued?**

A Court authorized this notice because you have a right to know about a proposed nationwide settlement of this class action lawsuit against Gogo, and about your possible eligibility for benefits and your other options, before the Court decides whether to give "final approval" to the Settlement. If the Court approves the Settlement, and after any appeals are resolved, benefits will be distributed to everyone who qualifies. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who may be eligible for the benefits, and how to receive the benefits.

United States District Court Judge Jack B. Weinstein in the United States District Court for the Eastern District of New York is overseeing this class action. The case is known as *Adam Berkson, et al. v. Gogo LLC and Gogo Inc.*, Case No. 1:14-cv-01199-JBW-LB. The individuals who sued are called the "Plaintiffs," and the parties they sued are called the "Defendants."

**What is this lawsuit about?**

The lawsuit generally claims that Gogo improperly enrolled customers in a plan and recurrently charged their credit cards without obtaining proper authorization from or providing proper disclosure to the customers. Specifically, the lawsuit claims that customers purchased in-flight Internet service from Gogo believing they would only be charged for one month of service, but that Gogo continued to charge customers monthly for the service even though customers did not use the service after the month in which it was purchased and did not know they would be charged monthly for the service. Gogo has denied all of these claims and maintains that they did not act wrongfully or unlawfully.

**Why is this a class action?**

In a class action, one or more people called "Named Plaintiffs" (in this case Adam Berkson, Kerry Welsh and Kathy LePenske) sue on behalf of individuals who have similar claims. All of these individuals are a "Class" or "Class Members." A court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**Why is there a Settlement?**

The Court did not decide in favor of the Plaintiffs or Gogo. Instead, both sides agreed to settle in order to avoid the cost of a trial, and the Class Members who qualify will get benefits under the Settlement. The Named Plaintiffs and their attorneys believe that the Settlement is best for all Class Members. The Settlement does not mean that Gogo admits any wrongdoing.

## WHO IS IN THE SETTLEMENT?

To see if you are eligible for benefits from this Settlement, you first have to determine if you are a Class Member.

**5. How do I know if I am a Class Member?**

The Class includes an Initial Class and a Supplemental Class.

The Initial Class includes:

- all Gogo Customers who, between April 1, 2010 and December 31, 2012, subscribed to a Gogo Monthly Pass and only used the Gogo Service during the first month of their subscription.
- Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants and the legal representatives, heirs, successors and assigns of Defendants.

The Supplemental Class includes:

- all Gogo Customers who, between January 1, 2013 and March 31, 2015, subscribed to a Gogo Monthly Pass but only used the Gogo Service during the first month of their subscription.
- Excluded from the Supplemental Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, and the legal representatives, heirs, successors, and assigns of Defendants.

**6. What if I am still not sure if I am included?**

If you are not certain whether you are included in the Class, you may call the Settlement Administrator at the toll free number 1-866-322-4455 with questions.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**7. Who will receive benefits from this Settlement?**

Individuals who are Class Members will receive benefits upon providing a valid Claim Form and providing certifications regarding their knowledge and use of the Gogo services. In other words, all Class Members are eligible to get paid if they complete and submit a valid Claim Form and swear that they purchased a Gogo monthly pass, did not know the charge was recurring, paid for the recurring charges and were not refunded or otherwise reimbursed those charges. Class Members are not required to submit a proof of purchase or any other physical or documentary evidence.

**8. What benefits could I receive?**

The Settlement will provide passes to Eligible Class Members which permit the holder to access Gogo inflight Internet Service. The number of passes distributed to each Eligible Class Member will depend on when the Gogo

- 6 -

Service was purchased and for how many months the customer's credit card was charged for the service. There are two tiers of Class Members.

Tier One is called the "Initial Class" or "Initial Class Members." Initial Class Members include all Gogo Customers who, between April 1, 2010 and December 31, 2012, subscribed to a Gogo Monthly Pass and only used the Gogo Service during the first month of their Subscription period.

Tier Two is called the "Supplemental Class" or "Supplemental Class Members". Supplemental Class Members include all Gogo Customers who, between January 1, 2013and March 31, 2015, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their subscription.

NOTE: Some Class Members may be Eligible for relief as both an Initial Class Member and a Supplemental Class Member.

The benefits Eligible Class Members will receive are as follows:

If you are an Initial Class Member and paid for:

- 1 to 4 months of unused Gogo Service, you will receive 1 One-Day Pass.
- 5 to 8 months of unused Gogo Service, you will receive 4 One-Day Passes
- 9 or more months of unused Gogo Service, you will receive 6 One-Day Passes.

If you are a Supplemental Class Member and paid for any months of unused Gogo Service, you will receive 1 One-Hour Pass.

If you do not exclude yourself from the Class (as explained in Questions 12, 13 and 14) and are an Eligible Class Member (explained in Question 5), the only benefits you could ever recover from Gogo on any claim released in this Settlement are described in the above paragraphs. If you believe you are entitled to or want to seek a recovery larger than that described above, you must exclude yourself from the Class through the procedure described in Question 12 below.

In order to be eligible to receive compensation under the Settlement, you must be a Class Member and you must:

1. Fully complete and submit to the Claims Administrator a Claim Form which can be located at www.gogoclassactionsettlement.com;
2. Certify under penalty of perjury that you purchased a Monthly Pass during the Initial Class Period or Supplemental Class Period and used the Gogo Service only during the first month of the subscription period;
3. Certify under penalty of perjury that you were unaware of the recurring monthly charges for the Monthly Pass;
4. Certify under penalty of perjury that you personally paid the recurring Monthly Pass charge(s) and were not reimbursed those charges by a third party or refunded those charges by Gogo.

All Claims and Certifications are subject to verification by the Claims Administrator.

Benefits will be emailed to eligible Class Members after the Court grants "final approval" of the Settlement, and any appeals are resolved. If the Court approves the Settlement after a Settlement Fairness Hearing on **MONTH, DAY, YEAR** (see the section "The Court's Settlement Fairness Hearing" below), there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient during this process.

-7-

In addition, you can check the website or call the toll free number listed below in order to get a status update on the final approval of the Settlement, the claims administration process, and when the benefits will be made available.

**10. What am I giving up to get a benefit or stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Class, which means that you can't sue, continue to sue, or be part of any other legal proceeding against Gogo about the same legal issues this case involved. It also means that all of the Court's orders in this case will apply to you and legally bind you. More information is available in the Settlement Agreement in section 6.1

If you have any questions, please visit the website to review the Settlement Agreement or call the toll-free number.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Class Member and you want to keep the right to pursue Gogo about the issues in this case or the settled claims, then you must take steps to remove yourself from the Class. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Class. If you want to preserve a right to pursue an independent legal remedy against Gogo, you must exclude yourself from this Settlement by following the procedures described below.

**12. How do I get out of the proposed Settlement?**

If you are a Class Member and you want to exclude yourself from the Settlement, you must send a letter or postcard by mail stating that you want to be excluded from the Settlement in *Adam Berkson, et al. v. Gogo LLC and Gogo Inc.*, Case No. 1:14-cv-01199-JBW-LB. You must also include: (1) your full name and postal address, and the username and email address associated with the Gogo account; (2) a statement that you do not want to participate in the Settlement; and (3) your signature. Your request for exclusion must be postmarked by **March 4, 2016** and addressed to:

> Exclusions
> Gogo Claims Administrator
> c/o Analytics
> P.O. Box 2002
> Chanhassen, MN 55317-2002

Please understand that only you can request exclusion from the Class. Requests for exclusion that are on behalf of a group or class of persons are invalid and ineffective.

**13. If I do not exclude myself, can I sue the Defendants for the same thing later?**

No. As explained in Question 10, unless you exclude yourself, you give up any right to pursue Gogo, individually or as part of a class, for the claims that this Settlement resolves. You must exclude yourself from *this* Class in order to pursue Gogo over the claims resolved by this Settlement. Remember, the exclusion deadline is **March 4, 2016.**

**14. If I exclude myself, can I get any benefit from the proposed Settlement?**

No. If you exclude yourself, you cannot get any benefit from the proposed Settlement.

## THE LAWYERS REPRESENTING YOU

The Court appointed Reese LLP to represent you and other Class Members as "Class Counsel." You do not have to personally pay Class Counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense. If you have questions about the Settlement or anything contained in this notice, you can visit the website or call the toll-free number.

Class Counsel has not received any fees for the lawyer and professional time it has devoted to this matter nor has it received any reimbursement for any of the out-of-pocket expenses it has incurred. Class Counsel will file a petition for an award of attorneys' fees and costs. The Court will determine the amount of the award, but the total amount cannot exceed $750,000. Additionally, Class Counsel will ask the Court to award each of the three Named Plaintiffs a $5,000 service award in recognition of their time and efforts on behalf of the Class.

## OBJECTING TO THE SETTLEMENT

If you are a Class Member, you can tell the Court if you don't agree with the Settlement or some part of it.

If you don't want the Court to approve the Settlement or want the Court to modify a portion of the Settlement, you must file a written objection in the case with the Eastern District of New York and send a physical copy to Class Counsel and Gogo's Counsel as noted below. Your objection must include: (1) a heading containing the name and case number of the Action (*Adam Berkson, et al. v. Gogo LLC and Gogo Inc.*, Case No. 1:14-cv-01199-JBW-LB); (2) your name, email address, postal address, and telephone number that were used in conjunction with the your Gogo account: (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the you are requesting; (4) a list of and copies of all documents or other exhibits which you may seek to use at the Settlement Final Approval and Fairness Hearing ("Fairness Hearing") described in questions 19-21 below; and (5) a statement of whether you intend to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted.

The objection must be mailed or hand delivered to the following addresses on or before March 4, 2016:

**Court Filing Address**
Clerk of the Court
(Case No. 14-CV-1199)
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Plaintiffs' Counsel:**
Michael Reese
George Granade
Reese LLP
100 West 93rd Street, 16th Floor
New York, NY 10025

- 9 -

**Defendants' Counsel:**
Anthony J. Laura
Epstein Becker Green
250 Park Avenue
New York, New York 10177

You do not need to go to the Fairness Hearing to have your written objection considered by the Court. At the Fairness Hearing, any Settlement Class Member who has not previously submitted a request for exclusion from the Settlement Class may appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement or Plaintiffs' Counsel's motion for reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Fairness Hearing.

## 18. What is the difference between objecting and excluding?

Objecting is simply informing the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is informing the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you do not exclude yourself from the Class, and object to the Settlement, you will still be a member of the Class. If you object, you will not have another opportunity to exclude yourself and you will be bound by any judgment entered by the Court.

# THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement. You may attend and you may ask to speak, but you don't have to.

## 19. When and where will the Court decide whether to approve the proposed Settlement?

The Court has scheduled a Settlement Final Approval Hearing at 11:00 a.m., on April 5, 2016, in Courtroom 10-B South, United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201. At the Fairness Hearing the Court will consider whether the Settlement is fair, reasonable and adequate. At the Fairness Hearing, the Court also will consider the applications of Class Counsel for attorneys' fees and costs. The Court will take into consideration any written objections submitted in accordance with the instructions. The Court also will listen to Class Members or lawyers for Class Members who appear and speak at the hearing. After the hearing, the Court will decide whether to approve the settlement and attorneys' fees. We do not know how long the Court will take to make these decisions.

You should be aware that the Court may change the date and time of the Fairness Hearing. Thus, if you want to come to the hearing or have your lawyer attend, you should check with Class Counsel to be sure that the date and/or time have not changed.

## 20. Do I have to come to the hearing?

No. If you are a member of the Class, Class Counsel will represent you and will answer any questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it, but Class Counsel will not argue your objection on your behalf. You may also pay your own lawyer to attend, but it's not necessary.

## 21. May I speak at the hearing?

- 10 -

QUESTIONS? CALL **1-866-322-4455** TOLL FREE, OR VISIT www.GogoClassActionSettlement.com

If you object to the Settlement, you may appear and, subject to permission by the Court, speak at the Fairness Hearing. Persons who intend to object to the Settlement and who desire to call witnesses to testify or to introduce exhibits into evidence at the Fairness Hearing must submit a written objection as provided in the response to question 17, and must provide the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the Settlement Class.

## IF YOU DO NOTHING

**What happens if I do nothing at all?**

If you do nothing, even if you otherwise would be an Eligible Class Member, you will receive none of the benefits as described in Question 8.

## GETTING MORE INFORMATION

**Are there more details about the proposed Settlement?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.gogoclassactionsettlement.com. You may call the toll-free number listed below or visit the website or write to the Claims Administrator at:

Gogo Claims Administrator
c/o Analytics
P.O. Box 2002
Chanhassen, MN 55317-2002

- 11 -

## EXHIBIT E

*Class Action Settlement Notice*

**If you purchased Gogo in-flight Internet service you may be entitled to benefits from a class action settlement. To file a Claim Form, click here.**

For more information, visit *www.gogosettlement.com*

**WHAT IS THIS CASE ABOUT?** The case alleges that customers who purchased a monthly pass to Gogo in-flight Internet service were charged recurring monthly fees without being provided adequate disclosures by Gogo. The defendants in the case, Gogo LLC and Gogo Inc., deny all liability.

**WHO IS INCLUDED?** You may be eligible to receive benefits if

(1) you subscribed to a Gogo in-flight service Monthly Pass between April 1, 2010 and December 31, 2012, but only used the Gogo Service during the first month of your Subscription Period; or

(2) you subscribed to a Gogo in-flight service Monthly Pass between January 1, 2013 and March 31, 2015 but only used the Gogo Service during the first month of your Subscription Period.

**WHAT DOES THE SETTLEMENT PROVIDE?** Class Members who file a valid claim and are eligible for settlement benefits will receive compensation in the form of one or more Gogo Passes. If you are an Eligible Class Member and purchased a Monthly Pass from Gogo between April 1, 2010 and December 31, 2012, but only used the service during the first month of the subscription, you could receive one of the following forms of compensation:

- if you had 1 to 4 months of unused Gogo Service, you will receive 1 One–Day Pass.
- if you had 5 to 8 months of unused Gogo Service, you will receive 4 One–Day Passes
- if you had 9 or more months of unused Gogo Service, you will receive 6 One–Day Passes.

If you are an Eligible Class Member and purchased a Monthly Pass from Gogo between January 1, 2013 and March 31, 2015 and only used the service during the first month of the subscription, you will receive 1 One–Hour Pass.

For more information, visit www.gogoclassactionsettlement.com

**HOW DO I GET THE SETTLEMENT BENEFITS?** If you do not file a Claim Form, you cannot be eligible to get the settlement benefits. There are two ways to file a Claim Form: (1) File *online*, at *www.Gogoclassactionsettlement.com* ; or (2) Print a Claim Form, available at *www.Gogoclassactionsettlement.com*, fill it out, and mail it (with postage) to the address listed on the Claim Form. *Claim Forms must be filed online or postmarked by August 4, 2016.*

**YOUR OTHER OPTIONS.** If you don't want to make a claim, and don't want to be bound by the settlement and any judgment in this case, you must send a written request to exclude yourself from the settlement, postmarked no later than March 4, 2016. If you exclude yourself, you won't get any compensation through this settlement. If you don't exclude yourself and don't submit a claim, you won't receive a refund from the settlement and you will give up the right to pursue or be a part of any other legal proceeding against Gogo about the same legal issues this case involved. If you don't exclude yourself, you may object to the settlement or to the

request for fees by the attorneys representing the Class. The detailed Class Notice, available at *www.gogoclassaction settlement.com* explains how to exclude yourself or object. The Court will hold a hearing in the case—*Adam Berkson v. Gogo LLC and Gogo Inc.*, Case No. 1:14–cv–01199–JBW–LB on April 5, 2016 at 11:00 a.m. to consider whether to approve: (1) the settlement; (2) an award of attorneys' fees and costs to Class Counsel; and (3) service awards of $5,000 each for the three Named Plaintiffs who represented the Class in this case. You may appear at the hearing, but you don't have to. The Court has appointed attorneys (called "Class Counsel") to represent the Class. These attorneys are listed in the detailed Class Notice. You may hire your own attorney to appear for you, but you will have to pay the fees for that attorney.

**WHERE CAN I GET MORE INFORMATION?** For more information, visit *www.gogoclassactionsettlement.com* or call 1(855) 312–3327.

*A federal court authorized this notice. This isn't a solicitation from a lawyer. You aren't being sued.*

**www.GogoClassActionSettlement.com**

1(855) 312–3327

APPENDIX 2

Michael R. Reese

mreese@reesellp.com

George V. Granade

ggranade@reesellp.com

**REESE LLP**

100 West 93rd Street, 16th Floor

New York, New York 10025

Telephone: (212) 643–0500

Facsimile: (212) 253–4272

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

ADAM BERKSON et al., individually and on behalf of all others similarly situated, Plaintiffs,

v.

GOGO LLC and GOGO Inc., Defendants.

Case No. 14–cv–01199 JBW–LB

**SECOND AMENDED CLASS ACTION COMPLAINT**

*DEMAND FOR JURY TRIAL*

Plaintiffs Adam Berkson, Kerry Welsh and Kathy LePenske ("Plaintiffs"), on behalf of themselves and all others similarly situated throughout the United States (the "Class," as further defined below), by and through their undersigned attorneys, hereby complain and allege, upon their personal knowledge and the investigation of their counsel, as follows:

*NATURE OF THE ACTION*

1. This is a proposed class action against Gogo LLC and Gogo Inc. (collectively, "Gogo" or "Defendants") for misleading consumers about recurring charges for Gogo in-flight Internet service.

2. According to a recent report, thirty-eight percent of domestic flights in the United States, or 8,700 flights, now offer in-flight Internet (Wi–Fi) connectivity for travelers.[1]

1. Joe Sharkey, *In–Flight Wi–Fi Still Costly, but More Available*, N.Y. Times, June 24, 2013, *available at* http://www.nytimes.com/2013/06/25/business/in-flight-wi-fi-still-costly-but-more-available.html; Ben Mutzabaugh, *Routehappy unveils report card for in-flight Wi–Fi*, USA Today, June 25, 2013, *available at* http://www.usatoday.com/story/todayinthesky/

3. Gogo dominates that market, providing its in-flight Wi–Fi service on more than eighty percent of all Wi–Fi-enabled flights in North America.

4. Gogo recently had an initial public offering (IPO), in part to fund expansion of its in-flight Wi–Fi service to international flights. According to the New York Times, "the Gogo offering went off against the sobering reality that, so far, only a small number of passengers have been choosing to pay for [in-flight] Wi–Fi."[2]

5. To counteract that "sobering reality," Gogo unfairly and improperly increases its profits by misleading customers into purchasing a service that automatically charges a customer's credit card or other payment source on a recurring, monthly basis without notice.

6. As detailed further below, Gogo presents customer account information on the Gogo website in a misleading manner that does not indicate the recurring charges.

7. On September 25, 2012, Mr. Berkson paid $34.95 to subscribe to Gogo's in-flight Wi–Fi service, based on a representation that he was signing up for the service for one month.

8. Mr. Berkson was charged for just one month in September 2012, but he incurred *an additional $104.85 in monthly charges* for the additional *three months* from October 2012 until December 2012 that he *did not authorize* after he purchased the one-month package in September 2012. The charges to his credit card only stopped after he contacted Gogo to cancel the service, even though he had not authorized a recurring charge to his credit card.

9. Nor had Mr. Berkson received any form of monthly bill or other monthly communication notifying him that he would be charged each month.

10. Mr. Berkson personally contacted Gogo himself and requested a refund for the service for the time periods he was charged for the service but did not use it, but Gogo refused to provide a full refund.

11. As detailed below, Plaintiffs Welsh, LePenske and many other consumers have experienced a similar situation.

12. Indeed, according to postings on the Internet, many customers have been duped into purchasing Gogo's service with a recurring charge, and attempts to receive full refunds have been unsuccessful.

13. Plaintiffs bring this action, on their own behalf and on behalf of a nationwide Class of Gogo customers, to seek redress for Gogo's unfair and unlawful practices described herein.

### THE PARTIES

14. Plaintiff Adam Berkson is a resident of New York, New York. As detailed herein, Mr. Berkson suffered injury in that he was improperly charged as a result of Gogo's misleading description of its service charges on a flight out of LaGuardia Airport in New York, New York, on September 25, 2012.

15. Plaintiff Kerry Welsh is a resident of Rancho Palos Verdes, California. As alleged herein, Mr. Welsh suffered injury in that he was improperly charged as a result of Gogo's misleading description of its service charges in or around August 2011. In August 2011, Mr. Welsh subscribed to Gogo's in-flight Wi–Fi service based on a representation that he was signing up for the service for just one

2013/06/25/routehappy-unveils-report-card-for-in-flight-wi-fi/2454565/.

**2.** Sharkey, In–Flight Wi–Fi Still Costly, but More Available.

month. Mr. Welsh incurred several hundreds of dollars in monthly charges from September 2011 through December 2012 that he did not authorize after he purchased a one-month package in August 2011. The charges to his credit card only stopped after he contacted Gogo to cancel the service, even though he had not authorized a recurring charge to his credit card. Nor had Mr. Welsh received any form of monthly bill or other monthly communication notifying him that he would be charged each month.

16. Plaintiff Kathy LePenske is a resident of Seattle, Oregon. As alleged herein, Ms. LePenske suffered injury in that money was improperly taken from her bank account (via her debit card) as a result of Gogo's misleading description of its service charges in or around November, 2013. In November 2013, Ms. LePenske subscribed to Gogo's in-flight Wi-Fi service based on a representation that she was signing up for the service for just one month. Ms. LePenske incurred several hundreds of dollars in monthly charges from December 2013 to February 2015 that she did not authorize after she purchased a one-month package in November 2013. Ms. LePenske did not receive any form of monthly bill or other monthly communication notifying him that she would be charged each month.

17. Defendant Gogo LLC, known as Aircell LLC until 2011, is an operating subsidiary of Gogo Inc., a public company. Gogo LLC is a Delaware company based in Itasca, Illinois, with an additional office in Broomfield, Colorado. Defendant provides in-flight Internet connectivity and wireless in-cabin digital-entertainment services, as well as voice-communication and video streaming services to travelers on various airlines. Defendant's business address is 1250 N. Arlington Heights Rd., Itasca, Illinois 60143.

18. Defendant Gogo Inc. is the parent corporation of Gogo LLC. Defendant Gogo Inc. is incorporated in Delaware with its headquarters at 1250 N. Arlington Heights Road, Itasca, Illinois 60143. GoGo Inc. avails itself of New York by being listed on the NASDAQ stock exchange, located in New York City. According to the S-1 form that Gogo Inc. filed with the Securities and Exchange Commission on December 23, 2011, Gogo Inc. offers "a full suite of in-flight internet connectivity and other voice and data communications products and services.... Gogo is the world's leading provider of in-flight connectivity and a pioneer in wireless in-cabin digital entertainment solutions. Through our proprietary platform and dedicated air-to-ground, or ATG, network, and a variety of in-cabin offerings, we provide turnkey solutions that make it easy and convenient for passengers to extend their connected lifestyles to the aircraft cabin.... We provide Gogo Connectivity to passengers on nine of the ten North American airlines that provide internet connectivity to their passengers."

## JURISDICTION AND VENUE

19. This Court has jurisdiction over the subject matter of this action by virtue of diversity of citizenship because at least one plaintiff is a citizen of a state other than Illinois and Defendants are citizens of Illinois. Additionally, pursuant to the Class Action Fairness Act of 2005, Pub.L. 109-2, 119 Stat. 4 (Feb. 18, 2005) ("CAFA"), under 28 U.S.C. § 1332(d)(2), this Court has jurisdiction over all class actions where "any member of a class of plaintiffs is a citizen of a state different from any defendant and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs." Because the proposed

Class Plaintiffs seek to represent includes residents from all fifty states, the Class necessarily includes citizens from states other than the states of which Defendants are citizens.

20. This Court has personal jurisdiction over Defendants because the Defendants regularly conducts business in New York, has sufficient minimum contacts with New York, and otherwise intentionally avail themselves of the laws and markets of New York through the promotion, sale, marketing, and distribution of Gogo products and services in New York. Further, Defendants' conduct occurs within New York, because many of the flights at issue initiate out of the airports located in New York, New York.

21. Venue is proper in this District by virtue of 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff Berkson's claims occurred within this District, since the September 25, 2012, flight during which the initial transaction at issue occurred originated at LaGuardia Airport in New York, New York.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION:

22. Plaintiffs each purchased in-flight Internet service from Gogo in reliance on the representations on Gogo's website that they would be charged only for one month of service.

23. The service could be used for up to 30 days on any airline. After the 30 days ended, Gogo continued to bill each of the Plaintiffs' credit cards every month, even though Plaintiffs did not use the service. Gogo obtained no signature or affirmative authorization to charge for recurring fees. Nor did Gogo send any form of communication to Plaintiffs on a monthly basis, as is customary with monthly bills, to notify them of the pending charges that they would incur if they did not cancel their service.

24. Similarly, every other Class member purchased in-flight Internet service from Gogo during the Class Period, using a registration website that had representations about the monthly cost of the service but had no representations about the recurring nature of charges for the service.

25. Defendants' website currently indicates that the charge for "monthly" service will be recurring, but it did not do during the Class Period. Rather, when potential customers registered for the service, the only representation regarding the price indicated the price per month—e.g., "$34.95 per month."

26. In contrast to the prominent representations on Gogo's registration website regarding the price for the service, Defendants' representations omitted reference to the recurring nature of the charges.

27. Nor did Plaintiffs or the other Class members have to affirmatively indicate approval for Gogo to charge recurring charges—for example, by "checking a box" indicating their understanding that they would be charged every month until they cancelled the service.

28. In sum, Plaintiffs and the other Class members did not receive notice of the recurring nature of the charges when registering for Gogo's service.

### Gogo Harmed Plaintiffs in a Manner Identical to the Manner in which Gogo Harmed the Class

29. Plaintiffs are in the same Class as all other customers of Gogo during the relevant time period. Plaintiffs were improperly enrolled in a plan that recurrently charged their credit card without any authorization or proper disclosure.

30. Plaintiffs incurred charges for a service they did not use. Plaintiffs would never have incurred these charges if Defendants had notified them of the payment scheme and requested authorization to continuously bill their credit cards.

### Gogo Benefits Greatly from the Undisclosed and Unauthorized Charges

31. Gogo possesses a strong ulterior motive to charge its customers' credit and debit cards on a recurring basis because, upon information and belief, it generates thousands, if not millions, of dollars in revenue for services that are not used.

32. Because Gogo's customers may get charged indefinitely for Gogo's services, and because Gogo does not offer full refunds to those who notice the fraudulent billing in time, the injury is substantial.

### CLASS ACTION ALLEGATIONS

33. Plaintiffs Berkson and Welsh bring this action on behalf of themselves and a proposed class (the "Initial Class") consisting of all others similarly situated, defined as follows:

All persons residing in the United States who, at any time between February 25, 2008, and December 31, 2012 (the "Initial Class Period"), incurred monthly fees for Gogo in-flight Internet service for months that the customers did not use the service. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, and the legal representatives, heirs, successors, and assigns of Defendants.

34. Plaintiff Berkson also brings this action on behalf of a proposed subclass (the "New York Sub–Class") consisting of all other similarly situated New York residents, defined as follows:

All New York residents who, at any time between January 30, 2008, and December 31, 2012, incurred monthly fees for Gogo in-flight Internet service for months that the customers did not use the service. Excluded from the New York Sub–Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, and the legal representatives, heirs, successors, and assigns of Defendants.

35. Plaintiff Welsh also brings this action on behalf of a proposed subclass (the "California Sub–Class") consisting of all other similarly situated California residents, defined as follows:

All California residents who, at any time between July 24, 2009, and December 31, 2012, incurred monthly fees for Gogo in-flight Internet service for months that the customers did not use the service. Excluded from the California Sub–Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, and the legal representatives, heirs, successors, and assigns of Defendants.

36. Plaintiff LePenske bring this action on behalf herself and a proposed class (the "Supplemental Class") consisting of all others similarly situated, defined as follows:

All persons residing in the United States who, at any time between January 1, 2013, and March 31, 2015 (the "Supplemental Class Period"), incurred monthly fees for Gogo in-flight Internet service for months that the customers did not use the service. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, and the legal representatives,

heirs, successors, and assigns of Defendants.

37. The term "Class Period" means the Initial Class Period and Supplemental Class Period combined, and the term "Class" refers to the Initial Class and Supplemental Class combined.

38. Plaintiffs bring this action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

39. *Numerosity of the Class: Fed. R. Civ. P. 23(a)(1)*: The size of the Class is so large that joinder of all Class members is impracticable. Class members number in the thousands. The precise number of Class members and their addresses are unknown to Plaintiffs but can be obtained from Defendants' records. Class members can be notified of the pendency of this action by mail, supplemented by published notice if necessary.

40. *Existence and Predominance of Common Questions of Fact and Law; Fed. R. Civ. P. 23(a)(2), (b)(3)*: There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include but are not limited to:

a. whether Defendants' practices described herein constituted deceptive acts and practices;

b. whether Defendants' practices described herein breached the implied covenant of good faith and fair dealing;

c. whether Defendants were unjustly enriched by the conduct described herein; and

d. whether Defendants properly disclosed that monthly charges would be recurring for the Gogo in-flight Internet service.

41. *Typicality; Fed. R. Civ. P. 23(a)(3)*: Plaintiffs' claims are typical of the Class because Plaintiffs' have been charged without their knowledge or prior authorization for an ongoing, recurring service of which they did not avail themselves.

42. *Adequacy; Fed. R. Civ. P. 23(a)(4)*: Plaintiffs are adequate representative of the Class because their interests do not conflict with the interests of the Class. Plaintiffs will prosecute this action vigorously and are highly motivated to seek redress against Defendants. Further, Plaintiffs have selected counsel that is experienced in litigating class actions. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

43. *Superiority; Fed. R. Civ. P. 23(b)(3)*: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for the reasons articulated below:

a. The damages suffered by individual Class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendants' conduct.

b. Further, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go

unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

c. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendants.

d. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantively impair or impede their ability to protect their interests.

44. **Notice**—Plaintiffs and their counsel anticipate that notice to the proposed Class will be effectuated through direct notice via both electronic mail and U.S. mail.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Violation of New York General Business Law § 349)

### (On Behalf of the New York Sub–Class)

45. Plaintiff Berkson repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

46. Plaintiff Berkson brings this cause of action on behalf of himself and the New York Sub–Class, pursuant to New York General Business Law section 349.

47. As detailed more fully herein, Defendants engaged in deceptive acts and practices by falsely and misleadingly making representations to consumers, and by engaging in omissions, that were material to all reasonable consumers who accessed, or contemplated accessing, Gogo's in-flight Internet service. These and similar misrepresentations were broadly disseminated to all members of the New York Sub–Class in substantially the same form via Gogo's website and other advertising and marketing materials.

48. As fully alleged above, by advertising, marketing, distributing, and/or selling the Products to Plaintiff Berkson and the other members of the New York Sub–Class, Defendants engaged in and continues to engage in deceptive acts, practices, and omissions.

49. By reason of the foregoing, Defendants' conduct, as alleged herein, constitutes deceptive acts and practices in violation of New York General Business Law section 349, and Defendants are liable to Plaintiff Berkson and the other members of the New York Sub–Class for the damages due to them as a result of Defendants' actions. The amount of such damages is to be determined at trial, but will not be less than $50.00 per incident.

50. Therefore, Plaintiff Berkson prays for relief as set forth below.

### SECOND CAUSE OF ACTION

### (Violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*)

### (On Behalf of the California Sub–Class)

51. Plaintiff Welsh incorporates by reference and realleges all paragraphs previously alleged herein.

52. Plaintiff Welsh brings this cause of action on behalf of himself and the California Sub–Class, pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

53. Defendants provide "services" within the meaning of California Civil Code sections 1761(b) and 1770.

54. Defendants are "persons" within the meaning of California Civil Code sections 1761(c) and 1770.

55. Purchasers of Defendants' service, including Plaintiff Welsh and the other members of the California Sub–Class, are "consumers" within the meaning of California Civil Code sections 1761(d) and 1770.

56. Plaintiff Welsh and each and every purchase of Defendants' service by members of the California Sub–Class constituted a "transaction" within the meaning of California Civil Code sections 1761(e) and 1770.

57. The policies, acts, and practices of Defendants as described above were intended to result in the sale of services to Plaintiff Welsh and members of the California Sub–Class. These actions violated, and continue to violate, the California Consumers Legal Remedies Act in at least the following aspects:

a. in violation of California Civil Code section 1770(a)(4), Defendants made deceptive representations in connection with the service in question;

b. in violation of California Civil Code section 1770(a)(5), Defendants represented that their service has characteristics, uses, or benefits which it did not have;

c. in violation of California Civil Code section 1770(a)(9), Defendants advertised their service with the intent not to sell it as advertised;

d. in violation of California Civil Code section 1770(a)(14), Defendants represented that their service conferred or involved rights, remedies, or obligations which it did not have, or which were prohibited by law; and

e. in violation of California Civil Code section 1770(a)(19), Defendants attempted to insert unconscionable provisions into contracts between themselves and Plaintiff and between themselves and the other members of the California Sub–Class.

58. Through its advertising and promotional materials, Gogo made misrepresentations to consumers, and engaged in omissions, that were material to all reasonable consumers who accessed, or contemplated accessing, Gogo's in-flight Internet service. These and similar misrepresentations were broadly disseminated to all members of the California Sub–Class in substantially the same form via Gogo's website and other advertising and marketing materials.

59. Plaintiff Welsh and the other members of the California Sub–Class suffered harm as a result of Defendants' misrepresentations and omissions, which caused Plaintiff Welsh and the other members of the California Sub–Class to unwittingly lose funds. As a direct result of these transactions, Plaintiff Welsh and the other members of the California Sub–Class Class have incurred monthly charges believed to amount to over five million dollars in the aggregate.

60. In accordance with California Civil Code section 1782(a), Plaintiff Welsh, through his undersigned counsel, sent a notice letter to Gogo via certified mail on Wednesday, July 24, 2013, demanding, *inter alia*, that Gogo provide correction and

remedy to Plaintiff and all consumers similarly situated with regard to the practices alleged herein to be in violation of section 1770.

61. Despite demand therefor, Defendants have failed to offer an appropriate correction and remedy for each of the issues raised herein. Therefore, Plaintiff Welsh brings this action pursuant to California Civil Code sections 1780 and 1781 and seeks restitution and compensatory and punitive damages.

62. Furthermore, the above-described acts and practices committed by Defendants violate California Civil Code sections 1780(b) and 3345, entitling members of the California Sub-Class to damages and/or $5,000 per person, to the extent that such members are senior citizens within the meaning of California Civil Code section 1761(f).

### THIRD CAUSE OF ACTION

### (Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.)

### (On Behalf of the California Sub-Class)

63. Plaintiff Welsh incorporates by reference and realleges all paragraphs previously alleged herein.

64. Plaintiff Welsh brings this cause of action on behalf of himself and the California Sub-Class, pursuant to California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.

65. Defendants' acts and practices as described herein constitute unlawful, fraudulent, and/or unfair business acts and practices in that:

 a. Defendants' practices, as described herein, violated each of the statutes set forth in this Complaint;

 b. the justification for Defendants' conduct was outweighed by the gravity of the consequences to Plaintiff and the other members of the California SubClass;

 c. Defendants' conduct was immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the other members of the California Sub-Class; and/or

 d. Defendants' conduct, advertising, and written and oral promotional materials constituted fraudulent, untrue, or misleading advertising in that such conduct or advertising had a tendency to deceive Plaintiff and the other members of the California Sub-Class.

66. Such conduct violates California Business and Professions Code section 17200 et seq. (as well as other similar state unfair competition and unlawful business practices statutes).

67. Defendants' unlawful, fraudulent, and/or unfair business acts and practices are described herein and include, but are not limited to, the following: (1) making or omitting materially false and misleading statements concerning Gogo's in-flight Internet service and (2) causing increased harm to customers who register for Gogo's in-flight Internet service through all related fees, charges, and other expenses.

68. Plaintiff has suffered injury in fact and lost money or property as a result of the unlawful, fraudulent, and/or unfair business acts described herein.

69. Pursuant to California Business and Professions Code sections 17200, 17203, and 17204, Plaintiff seeks relief, on his behalf and on behalf of the California Sub-Class, as prayed for below.

### FOURTH CAUSE OF ACTION

### (False Advertising in violation of California's False Advertising Uaw, Cal. Bus. & Prof.Code § 17500 *et seq.*)

### (On Behalf of the California Sub–Class)

70. Plaintiff Welsh incorporates by reference and realleges all paragraphs previously alleged herein.

71. Plaintiff Welsh brings this cause of action on behalf of himself and the California Sub–Class, pursuant to California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*

72. Gogo's registration website, as well as Gogo's other written and oral promotional materials and efforts constitute advertising disseminated by Defendants, which advertising contained statements which are untrue and/or misleading, or which omitted material information, and which are known, or by the exercise of reasonable care should have been known, to be deceptive, untrue, or misleading by Defendants in violation of California Business and Professions Code section 17500 *et seq.* (as well as other similar state false advertising statutes).

73. Pursuant to California Business and Professions Code sections 17200, 17203, 17204, and 17500, Plaintiff seeks relief, on his behalf and on behalf of the California Sub–Class, as prayed for below.

### FIFTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

### (On Behalf of the Initial and Supplemental Classes)

74. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

75. Plaintiffs bring this action on behalf of themselves and on behalf of the Initial and Supplemental Classes for breach of the implied covenant of good faith and fair dealing.

76. Implicit within any agreement that Plaintiffs and the other Initial and Supplemental Class members may have entered into with respect to the service described herein is a covenant by Defendants to act in good faith and deal fairly with Plaintiffs and the other Initial and Supplemental Class members.

77. Defendants breached this implied covenant of good faith and fair dealing by intentionally, knowingly, willfully, unreasonably, recklessly, arbitrarily, frivolously, and/or maliciously:

a. promoting Gogo's in-flight Internet service but omitting the payment scheme from the materials available to customers at the time of initial purchase;

b. refusing to offer full refunds to customers who were charged on a recurring basis without their authorization; and

c. engaging in such other conduct to be disclosed in discovery.

78. As a result of Defendants' conduct as described herein, Plaintiffs and the other Initial and Supplemental Class members have suffered loss and damage.

79. Therefore, Plaintiffs pray for relief as set forth below.

### SIXTH CAUSE OF ACTION

### (Violation of Various Consumer Protection Acts)

### (On Behalf of the Initial and Supplemental Classes)

80. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged.

81. Plaintiffs brings these statutory consumer protection claims pursuant to the substantially similar Consumer Fraud Acts [3] of all United States, all of which were enacted and designed to protect consumers against unlawful, fraudulent, and/or unfair business acts and practices. *See, e.g.,* Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.* (the "Illinois Consumer Fraud Act").

82. Section 2 of the Illinois Consumer Fraud Act provides, in pertinent part:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of or employment of any deceptive, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby, In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 Ill. Comp. Stat. 505/2 (footnotes omitted).

---

3. The following consumer protection acts are modeled after the Federal Trade Commission's consumer protection provisions and are collectively referred to herein, along with Illinois' and New York's consumer protection statutes, as the "Consumer Fraud Acts": Ala. Code § 8–19–1 *et seq.* (Alabama); Alaska Stat. § 45.50.471 *et seq.* (Alaska); Ariz. Rev. Stat. Ann. § 44–1521 *et seq.* (Arizona); Ark. Code Ann. § 4–88–101 *et seq.* (Arkansas); Colo. Rev. Stat. § 6–1–105 *et seq.* (Colorado); Conn. Gen. Stat. § 42–110a (Connecticut); Del. Code Ann. Tit. 6, § 2511 *et seq.* (Delaware); D.C. Code Ann. § 28–3901 *et seq.* (District of Columbia); Fla. Stat. Ann. § 501.201 *et seq.* (Florida); Ga. Code Ann. § 10–1–390 *et seq.* (Georgia); Haw. Rev. Stat. § 481A–1 *et seq.* and Haw. Rev. Stat. § 480–1 *et seq.* (Hawaii); Idaho Code § 48–601 *et seq.* (Idaho); Kan. Stat. Ann § 50.623 *et seq.* (Kansas); Ky.Rev.Stat. § 367.11.0 *et seq.* (Kentucky); La. Rev. Stat. Ann. § 51:1401 *et seq.* (Louisiana); Me. Rev. Stat. Ann. Tit. 5, § 205–A *et seq.* (Maine); Md. Com. Law Code Ann. § 13–101 *et seq.,* Md. Corn. Law Code Ann. § 13–301 *et seq.,* Md. Corn Law Code Ann, § 13–408 *et seq.* (Maryland); Mass Gen. L. ch. 93A (Massachusetts); Mich. Stat. Ann. § 445.901 *et seq.,* Mich. Stat. Ann. § 19.418(1) *et seq.* (Michigan); Minn. Stat. § 325F.68 *et seq.,* Minn. Stat. § 8.31 (Minnesota); Miss. Code Ann. § 75–24–3 *et seq.* (Mississippi); Mo. Rev. Stat. § 407.010 *et seq.* (Missouri); Mont. Code Ann. § 30–14–101 *et seq.* (Montana); Neb. Rev. Stat. § 59–1601 *et seq.* (Nebraska); Nev. Rev. Stat. § 41.600 and Nev. Rev. Stat. § 598.0903 *et seq.* (Nevada); N.H.Rev.Stat. Ann. § 358:1 *et seq.* (New Hampshire); N.J. Rev. Stat. § 56:8–1 *et seq.,* N.J. Rev. Stat. § 56:12–1 *et seq.* (New Jersey); N.M. Stat. Ann. § 57–1.2–1 *et seq.* (New Mexico); N.Y. Gen. Bus. Law. § 349 *et seq.* (New York); N.C. Gen. Stat. § 75–1 *et seq.* (North Carolina); N.D. Cent. Code § 51–15–01 *et seq.* (North Dakota); Ohio Rev. Code Ann. § 1345.01 *et seq.* (Ohio); Okla. Stat. Tit. 15, § 751 *et seq.* (Oklahoma); Ore. Rev. Stat. § 646.605 *et seq.* (Oregon); Penn. Stat. § 201–1 *et seq.* (Pennsylvania); Laws of P.R. Ann. Tit. 10, § 259 *et seq.* (Puerto Rico); R.I. Gen. Laws § 6–13.1:1 *et seq.* (Rhode Island); S.C. Code Ann. 39–5–10 *et seq.* (South Carolina); S.D. Codified Laws Ann. 37–24.1 *et seq.* (South Dakota); Tenn. Code Ann. § 47–18–101 *et seq.* (Tennessee); Tex. Bus. & Comm. Code Ann. § 17.41 *et seq.* (Texas); Vt. Stat. Ann. Tit. 9, § 2451 *et seq.* (Vermont); Va. Code Ann. § 59.1–196 *et seq.* (Virginia); Wash. Rev. Code § 19.86.010 *et seq.* (Washington); W. Va. Code § 46A–6–101 *et seq.* (West Virginia); and Wyo. Stat. § 40;12–101 *et seq.* (Wyoming).

83. Plaintiffs and the other members of the Initial and Supplemental Classes have standing to assert claims under the Consumer Fraud Acts because they are consumers within the meaning of the Consumer Fraud Acts and Defendants' practices were addressed to the market generally and otherwise implicate consumer protection concerns. At all relevant times, Defendants conducted "trade and commerce" within the meaning of the Consumer Fraud Acts. *See, e.g.*, 815 Ill. Comp. Stat. 505/1 (f).

84. Defendants have committed unlawful, fraudulent, and/or unfair business acts and practices by engaging in the acts and practices alleged herein including, but not limited to, failing to disclose that they would charge consumers for their in-flight Internet service on a monthly basis until cancellation.

85. Defendants intended that Plaintiffs and the other Initial and Supplemental Class members would rely on the unlawful, fraudulent, and/or unfair business acts and practices alleged herein so that they would purchase Gogo's in-flight Internet service.

86. Defendants' actions, which were willful and wanton, constitute intentional violations of the Consumer Fraud Acts.

87. Defendants' unlawful, fraudulent, and/or unfair business acts and practices described herein are continuing in nature and are widespread practices. Plaintiffs and the other members of the Initial and Supplemental Class have been damaged as a proximate result of Defendants' course of conduct and their violations of the Consumer Fraud Acts because Plaintiffs and the Initial and Supplemental Class members paid for a service that they did not intend to pay for and did not use, and the fees they were charged for that service were not properly disclosed.

88. Plaintiffs and the Initial and Supplemental Class members respectfully request an award of all compensable damages, and attorneys' fees, costs, and expenses to be assessed against Defendants, within the limits set forth by applicable law.

89. Therefore, Plaintiffs pray for relief as set forth below.

### SEVENTH CAUSE OF ACTION

### (Restitution / Unjust Enrichment)

### (On Behalf of the Initial and Supplemental Classes)

### (In the Alternative)

90. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

91. Plaintiffs bring this cause of action in the alternative to their claims asserted above, on behalf of themselves and the Initial and Supplemental Class members.

92. By selling their in-flight Internet service through unfair and deceptive practices, Defendants have engaged in inequitable conduct and have received a benefit at the expense of consumers, including Plaintiffs and the other Initial and Supplemental Class members.

93. At the time of their purchase of the Gogo service, Plaintiffs and the other Initial and Supplemental Class members conferred a benefit—*i.e.*, money and substantial revenue—on Defendants.

94. For the reasons described herein, the profits and/or benefits obtained by Gogo through sales of its in-flight Internet service are to the determent of Plaintiffs and the other Initial and Supplemental Class members and violate the fundamental principles of justice, equity, and good conscience.

95. Such benefits constitute unjust enrichment for Defendants, and it would be inequitable under the circumstances for them to retain the benefits received.

96. Therefore, Plaintiffs pray for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class, pray for relief as set forth below:

A. for an Order certifying the Initial Class, the New York Sub–Class, the California Sub–Class and the Supplemental Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) and appointing Plaintiffs Berkson and Welsh and their counsel to represent the Initial Class; appointing Plaintiff Berkson and his counsel to represent the New York Sub–Class; appointing Plaintiff Welsh and his counsel to represent the California Sub–Class; and appointing Plaintiff LePenske and her counsel to represent the Supplemental Class;

B. for an Order awarding Plaintiffs and the other Class members actual and compensatory and/or punitive damages in an amount that will be proven at trial;

C. for an Order awarding Plaintiffs and the Class restitution and/or disgorgement and other equitable relief as the Court deems proper;

D. for an Order awarding such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all claims set forth above that are so triable.

Dated: December 1, 2015

Respectfully submitted,

/s/ Michael R. Reese
Michael R. Reese
*mreese@reeserichman.com*
George V. Granade
*ggranade@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643–0500
Facsimile: (212) 253–4272

*Counsel for Plaintiffs and the Proposed Classes*

### APPENDIX 3

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

ADAM BERKSON, et al. individually and on behalf of all others similarly situated, Plaintiffs,

v.

GOGO LLC and GOGO INC., Defendants.

Case No. 1:14–cv–01199–JBW–LB

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT, PROVISIONALLY CERTIFYING THE CLASSES, AND DIRECTING DISSEMINATION OF CLASS NOTICE**

Plaintiffs Adam Berkson and Kerry Welsh, plaintiffs in the above-captioned action, and Kathy LePenske (another user of Gogo service), have submitted an unopposed Motion for entry of an Order Granting Preliminary Approval of the Class Action Settlement, Granting Leave to File a Second Amended Complaint, Provisionally Certifying the Classes, and Directing Dissemination of Class Notice, determining certain matters in connection with the pro-

posed Settlement of this class action, pursuant to the terms of the Settlement Agreement that the Parties reached and presented to the Court for approval. After consideration of the Settlement Agreement and the exhibits annexed thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. *Defined Terms*: This Court adopts all defined terms set forth in the Settlement Agreement, including but not limited to all defined terms set out in Section 1 of the Settlement Agreement, for purposes of this Preliminary Approval Order, unless otherwise specified herein.

2. *Preliminary Approval of Settlement*: The Court hereby preliminarily approves the terms of the Settlement Agreement, subject to further consideration at the Fairness Hearing as provided below. The Court concludes that the proposed Settlement is sufficiently within the range of reasonableness to warrant conditional certification of both the Initial Class and the Supplemental Class, the scheduling of the Fairness Hearing, and the circulation of the "Notice Package"[1] to both the Initial Class and the Supplemental Class, each as provided for in this Preliminary Approval Order.

3. *Granting Leave to File a Second Amended Complaint*: Pursuant to Federal Civil Procedure Rule 15(a)(2), the Court hereby grants leave to file a Second Amended Complaint to add plaintiff Kathy LePenske to the above-captioned action. The Second Amended Complaint, which is attached as Exhibit 2 to the Amended Notice of Motion (Dkt.104), is hereby deemed as filed and counsel for Plaintiffs is ordered hereby to submit it via ECF.

4. *Conditional Certification for Settlement Purposes*: For purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies the following Initial Class:

All Gogo Customers who, during the Initial Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their Subscription Period.

Furthermore, for purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies the following Supplemental Class:

All Gogo Customers who, during the Supplemental Class Period, subscribed to a Monthly Pass but only used the Gogo Service during the first month of their subscription.

The Court hereby conditionally certifies Adam Berkson, Kerry Welsh as representatives of the Initial Class as defined above and Kathy FePenske as representative of the Supplemental Class as defined above (together, Berkson, Welsh and FePenske are referred to herein as the "Class Representatives"), and the Court hereby appoints Michael R. Reese of Reese LLP as Class Counsel. This conditional certification of the Initial Class, the Supplemental Class, and the Class Representatives, and this appointment of Class Counsel, are solely for purposes of effectuating the proposed Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Initial Class, the Supplemental Class, and the Class Representatives, as well as the foregoing ap-

1. For purposes of this Preliminary Approval Order, "Notice Package" shall mean: (1) the Long–Form Notice; (2) the Summary Notice; and (3) the Claim form, which are attached as Exhibits D, C and A respectively, to the Parties' Settlement Agreement.

pointment of Class Counsel, shall be void and of no further effect, and the Parties to the proposed Settlement shall be returned to the status each occupied before entry of this Preliminary Approval Order, without prejudice to any legal argument that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the unopposed Motion for Preliminary Approval of the Proposed Class Settlement and supporting materials, the Court conditionally finds that both the proposed Initial Class and the proposed Supplemental Class satisfy Rule 23 of the Federal Rules of Civil Procedure in that:

a. Both the Initial Class and the Supplemental Class consist of thousands of individuals. Consequently, both the Initial Class and the Supplemental Class are so numerous that joinder of all persons who fall within the Initial Class definition, and/or within the Supplemental Class definition, is impracticable;

b. The commonality requirement is satisfied where members of the Initial Class and the Supplemental Class share at least one common legal or factual issue. Here, there are questions of law and fact common to the Initial Class and the Supplemental Class, including but not limited to allegations related to one or more of the following:

(i) whether Gogo's acts and practices of charging users of its in-flight Internet service on a recurring monthly basis after the user signed up for it monthly service constituted deceptive acts and practices;

(ii) whether Gogo's acts and practices of charging users of its in-flight Internet service on a recurring monthly basis after the user signed up for monthly service

breached the implied covenant of good faith and fair dealing;

(iii) whether Gogo's actions at issue unjustly enriched Gogo; and

(iv) whether Gogo properly disclosed that the monthly charges would be recurring for the Gogo in-flight Internet service.

c. The claims of the Class Representatives are typical of the claims of both the Initial Class and the Supplemental Class; and

d. The Class Representatives will fairly and adequately protect the interests of both the Initial Class and the Supplemental Class, and Class Counsel are both qualified and competent to represent both the Initial Class and the Supplemental Class.

The Court further conditionally finds that both the proposed Initial Class and the proposed Supplemental Class satisfy Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate and that a class action is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that because the litigation is being settled, rather than litigated, the Court need not consider the manageability issues that litigation would present. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 620, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

5. *Fairness Hearing*: A Fairness Hearing shall take place before the undersigned, the Honorable Jack B. Weinstein, at 11:00 a.m. on April 5, 2016, to determine:

a. whether the Court should finally certify both the Initial Class and the Supplemental Class and whether the Class Representatives and Class Counsel have adequately represented both the Initial Class and the Supplemental Class;

b. whether the Court should finally approve the proposed Settlement, on the terms and conditions for which the Settlement Agreement provides, as fair, reasonable, and adequate;

c. whether the Court should dismiss the Released Claims of the Settlement Class Members in this action with prejudice;

d. whether the Court should approve the application that Class Counsel will submit for attorneys' fees, costs, expenses, and incentive awards for the Class Representatives; and

e. such other matters as the Court may deem necessary or appropriate.

6. *Right to Appear and Object*: Any putative Settlement Class Member who has not timely and properly provided notice of an election to opt out of the Initial Class and the proposed Settlement, or to opt out of the Supplemental Class and the proposed Settlement, in the manner set forth below may appear at the Fairness Hearing in person or by counsel and be heard, to the extent the Court allows, either in support of, or in opposition to, the matters that the Court will consider at the Fairness Hearing, provided, however, that no putative Settlement Class Member who has elected to opt out from the Settlement shall be entitled to object, and provided further that no person shall be heard, and the Court shall not consider any papers, briefs, or other submissions in connection with its consideration of those matters, unless such person files the objection with the Court, with a copy delivered to Class Counsel and Gogo's Counsel at the addresses set out in the Notice, no later than March 4, 2016. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

7. *Notice.* The Court hereby approves the Notices substantially in the form of Exhibits D and E to the Settlement Agreement. In particular, the Court approves the Parties' proposal that the Summary Notice, which directs Settlement Class Members to the easily accessible Long–Form Notice, be provided to all Settlement Class Members via email to the email address currently associated with each Settlement Class Member's Gogo account. The Court also finds that posting the Long–Form Notice on the Class Settlement Website constitutes appropriate and sufficient notice of the terms of the Long–Form Notice, since the Summary Notice directs the Settlement Class Members to the Class Settlement Website. The Court further finds that the form and method of providing notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Settlement under Federal Rule of Civil Procedure 23 and the Due Process Clauses of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution. The Court also approves the Claim form attached as Exhibit A to the Settlement Agreement.

The Court approves the Parties' joint selection of Analytics LLC to administer the notice program. As set forth in the Settlement Agreement, Gogo shall pay the cost of the Notice Plan. Further, as set forth in the Settlement Agreement, within 15 calendar days after entry of this Preliminary Approval Order, Gogo shall provide the Claims Administrator with the email address associated with each Settlement Class Member's Gogo account, and the Claims Administrator shall transmit the Summary Notice to each Settlement Class Member's email address that Gogo provided within 15 calendar days after receiving the aforesaid email addresses from Gogo.

188

8. *Ability of Class Members to Opt Out.* All putative Settlement Class Members who wish to opt out of the Initial Class or the Supplemental Class, as appropriate, must do so by sending a letter, postcard, or other written document requesting exclusion to the Claims Administrator as outlined in the Notice Plan, signed by the putative Settlement Class Member and providing all required information. To be considered timely and thereby effectively exclude a person from the Initial Class or the Supplemental Class, as appropriate, the Opt-Out/Exclusion Request must be postmarked on or before 60 days from the date that the Claims Administrator emails the Notice to the Settlement Class Members (the "Opt Out Deadline"). On or before 10 calendar days after the Opt Out Deadline, the Claims Administrator shall provide Gogo's Counsel and Class Counsel with a list of Settlement Class Members who have timely and validly excluded themselves from the Initial Class or the Supplemental Class. The Parties will file with the Court a complete list of all Settlement Class Members who validly and timely excluded themselves from the Class.

Any putative Settlement Class Member who does not properly and timely request exclusion from the Initial Class or the Supplemental Class, as appropriate, shall be included in the Initial Class or the Supplemental Class, as appropriate, and, if the Court approves the proposed Settlement and it becomes effective, they shall be bound by all the terms and provision of the Settlement Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such person shall have objected to the Settlement.

9. *Appearance by Settlement Class Member.* Any Settlement Class Member may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Class Counsel will represent any Settlement Class Member who does not enter an appearance.

10. *Discovery and Other Litigation Activity.* All discovery and other litigation activity in this Action is hereby stayed pending a decision on Final Approval of the Settlement Agreement.

**IT IS SO ORDERED.**

Date: *12/4/15*

/s/

The Honorable Jack B. Weinstein
UNITED STATES DISTRICT JUDGE

